IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CR-85-62-01

WAYNE PORTER,
                    Petitioner,


        Vs.



UNITED STATES OF AMERICA,
                    Respondent.

MOTION FOR ADJUDICATION
AND AMENDMENT TO RULE
35 MOTION


Wayne Porter, the movant herein and in *pro se* submits this motion to the Honorable Court to amend his Rule 35 Motion now pending before the Court, and for immediate adjudication of his present claim that has lie dormant in the Western District of North Carolina since January 26, 2007.[1]

On July 1, 2010, Porter was informed by retained counsel that they had filed another Rule 35 Motion on his behalf. This motion too – with the blessings of Porter's retained counsel's silence, has just disappeared like a helium balloon into thin air.


STANDARD OF REVIEW


In determining whether separate punishments imposed in two separate proceedings are unconstitutional, is no different than determining whether two separate statutory provisions describe the same offense. *United States v. Dixon*, 509 US 688, 126 L.Ed.2d 556, 113 S. Ct. 2849 (1993). The dispositive question is whether each provision requires proof of fact which the other does not.

---

[1] See Rule 60(b) Motion attached hereto and incorporated herein by reference as Exhibit A.

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 1 of 64

*Albernaz v. United States*, 450 US 333, 67 L.Ed.2d 275, 101 S. Ct. 1139 (1981) (quoting *Blockburger*).

## STATEMENTS OF THE FACTS

Porter is presently serving 79 years for the CCE conviction in the Western District of North Carolina – not 75 years.[2] Title 18 U.S.C. § 3584(C) required the Bureau of Prisons, for administrative purposes to add what time Porter had remaining on his prior 10 year sentence for conspiracy out of the Middle District of Florida prosecution, to the 75 year CCE sentence:

> On November 6, 1985, Porter received an additional 75-year sentence from the Western District of North Carolina. The sentence is a 21-848-Continuing Criminal Enterprise sentence, thus nonparolable. *With his prior sentence, Porter has a total of 79 years...*

*Id*. Bureau of Prisons Progress Report at page 2. Furthermore, the district court for the Western District of North Carolina, enhanced Porter's *second* sentence, because of Porter's prior conspiracy conviction:

> Count 4: Five (5) years to run consecutive with the sentence imposed in Count 2 plus a four (4) year mandatory special parole term *due to a prior conviction.*[3]

Porter is the only defendant the courts have ever required to serve consecutive sentences for conspiracy (§ 846) and Continuing Criminal enterprise (§ 848). No other court has ever upheld such a flagrant double jeopardy violation. If Porter cannot have even concurrent sentences for the "first" of the "continuing series" of conspiracy predicate acts – how could he have consecutive 10 year sentence for the "last"?

Porter's Rule 35 Motion does not address the Fourth Circuit Court of Appeals holding in *United States v. Cole*, 293 F. 3d 153 (2002), that *Garrett v. United States*, 741 U.S. 773, 105 S. Ct.

---

[2] See United States Department of Justice Bureau of Prisons Progress Report for Wayne Porter attached hereto and incorporated herein by reference as Exhibit B.
[3] Judgment for the Western District of North Carolina, attached hereto and incorporated herein by reference as Exhibit C.

2407, 85 L. Ed. 2d 764 (1985); and *United States v. Felix*, 503 US 378, 112 S. Ct. 1377, 118 L. Ed. 2d 25 (1992), have supplanted the *Blockburger v. United States,* 248 US 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932), "same elements" test, with a novel "multilayered conduct" test, that applies to complex crime cases. *Cf. e.g., Cole,* where the court held: "The Florida conspiracy charge and the instant CCE conviction are not the 'same offense' under *Blockburger* because the criminal activity at issue here is so multilayered." *Id.* 293 F. 3d at 162 n. 4, and *United States v. Crosby*, 20 F, 3d 480 (D.C. Cir. 1994), "[w]e like the *Garrett* Court, decline to apply here the so-called "*Blockburger*" test..." *Id.* at 483 n. 9; because: "[w]e conclude the appellant's earlier prosecution for single predicate acts, whatever their double jeopardy effect might be on subsequent prosecutions for overlapping single offenses *or even for section 846 conspiracy,* presents no bar to the present prosecution under counts 1, 2 and 4. As the Court made clear in *Garrett,* multi-layered conduct offenses, such as CCE...violations are generically distinct in the double jeopardy arena." (emphasis added), *Id.* at 485.

To begin with, the courts in *Cole* and *Crosby* were *not* confronted with the constitutionality of imposing cumulative penalties for conspiracy and CCE convictions. Although, the implications of their findings are the same. Because, it is an elementary principle of law that if two offenses are sufficiently distinct to allow successive prosecutions, they necessarily will allow cumulative punishments to be imposed. See, e.g., *Garrett* where the court pointed out: "The presumption when Congress creates two distinct offenses is that it intends to permit cumulative sentences..." *Id.* 471 US at 793, 85L.Ed.2d at 781.

The court in *Cole* and *Crosby* read *Garrett* and *Felix* to mean that courts may ignore the *Blockburger* rule and freely prosecute defendants in successive proceedings for conspiracy and CCE "whether or not" the statutory offenses are different under the rule. That cannot be a permissible reading of either *Garrett* or *Felix* and would lead to holding the CCE statute authorizes consecutive sentences for all greater and lesser-included offenses. Such an imporable reading of the statute would, moreover, be at odds with evident congressional intention of requiring federal courts to strictly adhere to the *Blockburger* rule in construing congressional intent. As the court explained in *Whalen v. United States*, 445 US 684, 63 L.Ed.2d 715, 100 S. Ct. 1432 (1980) "Congress is clearly free to fashion exceptions to the rule it chose[s] to enact...A court, just as clearly, is not." *Id.* 455 US at 695, 63 L.Ed.2d at 725.

- 3 -

The application of the *Blockburger* rule in *Whalen* was re-affirmed only one-year later by the Court in *Albernaz v. United States*, 450 US 333, 101 S. Ct. 1137, 67 L.Ed.2d 275 (1981), where the court again explained: "Our decision in *Whalen* was not the first time this Court has looked to the *Blockburger* rule...Similarly, in *Iannelli v. United States*, 420 US 770...we explained: "The test articulated in *Blockburger*...serves a generally similar function of identifying congressional intent..." *Id.* 450 US at 337.

The *Cole* and *Crosby* courts holding that the *Blockburger* test does not apply when the criminal activity at issue is multilayered, is contrary to Congress' intent, and numerous Supreme Court decisions, and was rejected in *Jeffers v. United States*, 432 US 137, 53 L.Ed.2d 168, 97 S. Ct. 2207 (1977), the very first case the Supreme Court heard following the enactment of the CCE statute in 1970. The Court disagreed with the United States Court of Appeals for the Seventh Circuit, that the usual double jeopardy principles did not apply in complex conspiracy prosecutions, stating that: "Contrary to the suggestion of the Court of Appeals, *Iannelli* created no exception to these general jeopardy principles for complex statutory crimes." *Id.* 432 US at 151, 53 L.Ed.2d at 180. The Court further noted that: "The actual language of the bill, however, used the words 'in concert with' to cover both concerted action and conspiracy...Thus it is apparent that the senate understood the term 'in concert' to encompass the concept of agreement." *Id.* 432 US at 419, 53 L.Ed.2d at 179 n.14. In connection with this assumption, the *Garrett* Court made the following findings: "[i]f anything is to be assumed from the congressional silence on this point, it is that Congress was aware of the *Blockburger* rule and legislated with it in mind. it is not a function of this Court [or any other court] to presume that Congress was unaware of what it had accomplished." *Id.* 471 US at 793-794, 85 L.Ed.2d at 781. Furthermore, the Court has already rejected the idea: "that *Blockburger* cannot be used for divining legislative intent when the statutes at issue are conspiracy statutes." *Id.* *Albernaz*, 450 US at 339. *See also, United States v. Felix, supra;* "We have continued to recognize this principle over the years...[t]hat a conspiracy to commit a crime is a separate offense from the crime itself. Thus, in this case, the conspiracy charge against Felix was an offense distinct from any crime for which he had been previously prosecuted." (citations omitted) *Id.* 118 L.Ed.2d at 36-37. The same is not true with respect to Porter's prior conviction.

In *Garrett*, the Court applied the exact same analogy, stating that: "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether...Congress intended that each violation be a separate offense. "*Id.* 471 US at 778 85 L.Ed.2d at 85 L.Ed.2d at 771. Contrary to the suggestion of the *Cole* and *Crosby* courts, neither

*Garrett* nor *Felix*, held that a person could be prosecuted in successive proceedings for greater and lesser included offenses: "It can be traced back to *Blackstone*, and 'has been the Court's understanding of the Double Jeopardy Clause at least since *In re Nielsen*...was decided in 1889...' *Id. Jeffers v. United States*, 432 US 137, 158, 53 L.Ed.2d 168, 185, 97 S. Ct. 2207 (1977), This ancient rule, was re-affirmed in *Rutledge v. United States*, 517 US 292, 134 L.Ed.2d 419, 116 S. Ct. 1241 (1996), where the Court held: "For the reasons set forth in *Jeffers,* and particularly because the plain meaning of the phrase 'in concert' signifies natural agreement in a common plan or enterprise, we hold that this element of the CCE offense requires proof of a conspiracy that would also violate § 846." *Id.* 517 US at 300-301, 134 L.Ed.2d at 427-428; "[t]here is no reason why this pair of greater and lesser offenses [§846 and 848] should present any novel problem beyond that posed by any other greater and lesser included offenses, for which the courts have already developed rules to avoid the perceived danger." *Id.* 517 US at 305-306, 134 L.Ed.2d at 430-431.

Therefore, allowing separate prosecutions or cumulative penalties to be imposed for conspiracy and CCE after both Congress and the Supreme Court have pointed out that the CCE conspiracy statute does not define a different offense from the conspiracy statutes defined in §§ 846 and 963, would be inconsistent with the Double Jeopardy Clause, which was specifically designed to protect citizens from multiple trials for the same offense. See *Abney v. United States,* 431 US 651, 52 L.Ed.2d 651, 97 S. Ct. 2034 (1977), where the Court held: "[t]he Double Jeopardy Clause protects an individual against more than being subjected to double punishment. It is a guarantee against being twice put to trial for the same offense." *Id.* 431 US at 660, 661, 51 L.Ed.2d at 654.

In 1990, the Seventh Circuit Court of Appeals, recognized that the Double Jeopardy Clause forbids placing a defendant twice in jeopardy for conspiracy and CCE whether it be in the same or separate proceedings. *Cf. e.g. United States v. Baker*, 905 F.2d 1100 (7th Cir. 1990) where the court held: "A conspiracy is part of the essential "continuing series" only if it involves a concert among the Kingpin and his five subordinates – in which event it becomes a lesser included offense, and it is double counting to include it among the three predicates. *Id.* 905 F.2d at 1103.

In 1993, the Supreme Court settled once and for all that Congress did not intend successive prosecutions or cumulative penalties to be imposed for greater and lesser included offenses since that would be the equivalent of prosecuting a person twice for the same offense. *See United States v. Dixon*, 509 US 688, 125 L.Ed.2d 556, 113 S.Ct. 2849, where the Court stated unambiguously that when determining whether two offenses are the same for purposes of barring cumulative penalties in the same or successive proceedings is no different from determining whether successive

- 5 -

prosecutions violate the Double Jeopardy Clause. *Cf., e.g., Dixon*, where the Court held: "In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies...The same elements test, sometimes referred to as the *Blockburger* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecutions." (citations omitted) (emphasis in original) *Id.* 125 L.Ed.2d at 568. The Court further noted: "That is perhaps because it is embarrassing to assert that the single term "same offense" (the words of the Fifth Amendment at issue here) has two different meanings – that what is the same offense is yet *not* the same offense." (emphasis in original) *Id.* 125 L.Ed.2d at 573. This reasoning is synonymous with the court's holding in *Baker, supra.*

When Congress enacted the CCE statute, it was evident from the legislative debate that Congress intended to create a new super conspiracy provision in their pursuit of major drug traffickers. *See, Garrett,* where the Court noted: "Congress was seeking to add a new enforcement tool to the substantive drug offenses already available to prosecutors." *Id.* 471 US at 784 85 L.Ed.2d at 775. Furthermore, both *Jeffers* and *Garrett* states clearly that Congress was fully aware of the *Blockburger* rule when it drafted the CCE statute and further recognized that: "Congress cannot be expected to specifically address each issue of statutory construction which may arise. But as we have previously noted [in *Albernaz v. United States*] Congress is 'predominately a lawyer's body,'...and it is appropriate for us to assume that our elected representatives...know the law." (emphasis in original) *Id.* 471 US at 793, 85 L.Ed.2d at 781. The Court further explained: "[w]e also have serious doubts as to whether the offense to which *Garrett* pleaded guilty [to] in Washington was a 'lesser included offense' within the CCE charge so that prosecution of the former would bar prosecution of the later." *Id.* 471 US at 790, 85 L.Ed.2d at 779.

Although *Garrett's* prior marijuana importation conviction was a species of a lesser included offense within his subsequent CCE prosecution, that conviction would have nonetheless withstood the *Blockburger – Albernaz* "same elements test" because Congress created a compound offense, that required a "continuing series" of substantive violations of other sections of Title 21, which were punishable in addition to the lesser-included conspiracy offenses that are relied upon to prove the "in concert" with five or more persons element" of the CCE charge. However, the same is not true with respect to the lesser included conspiracy offenses relied upon to prove the CCE offense:

"The policy reasons usually offered to justify separate punishment of conspiracies and underlying substantive offenses, however, are inapplicable to §§ 846 and 848." Id. *Jeffers*, at 432 US 156-157, 53 L.Ed.2d at 183-184. *See also, United States v. Singleton*, 177 F. Supp. 2d 12 (D.D.C. 2001) where the Court noted; "This case is like *Rutledge* not like *Garrett* because defendant Singleton was not convicted of narcotics distribution or narcotics importation in Florida, but of narcotics conspiracy. "*Id.* at 29; and *United States v. Felix*, 503 US 378-390, 118 L.Ed.2d at 25, 112 S. Ct. 1377 (1992), allowing prosecution for conspiracy after petitioner was convicted of underlying substantive offense, and citing *Garrett* as a similar case. Stating that: "[L]ong antedating any of these cases and not questioned in any of them, is the general rule that a substantive crime, and a conspiracy to commit that crime, are not the same offense for double jeopardy purposes." *Id.* 118 L.Ed.2d at 36. Furthermore, the Court declined to even entertain Garrett's contention that his marijuana importation conviction was a lesser included offense [which it clearly was not] of the subsequent CCE conviction. Pointing out that: "[h]owever, we were to resolve Garrett's lesser-included-offense argument. One who insist that the music stop and the piper be paid at a particular point must at least have stopped dancing himself before he may seek such an accounting…In the present case, as in *Diaz*, the continuing criminal enterprise charged against Garrett in Florida had not been completed at the time that he was indicted in Washington." *Id.* 471 US at 790-791, 85 L.Ed 2d at 778-779. Every crime charged in Porter's CCE prosecution, was completed and known to the government over two years prior to Porter's "first" conspiracy prosecution in the Middle District of Florida.

Nowhere in *Garrett* or *Felix* does the Court even imply that the *Blockburger* "same elements" test does not apply to complex conspiracy cases and the substantive offenses upon which those crimes are predicated. In fact, just the opposite is true, because Felix itself relies on Blockburger: "at its root, the Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the "same offense". U.S. Const., 5; see *Blockburger* …"(citations omitted) (emphasis in original). *Id.* 118 L.Ed.2d 33. Whether conspiracy and CCE were the same offense was not an issue before the Court in *Garrett*. However, it was apparent to the Court they were the same offense because the Court *did hold* that cumulative penalties could *not* be imposed for the two crimes. *See, e.g. United States v. Reed*, 880 F.2d 1568 (11th Cir. 1993), where the court noted: "In *Garrett*, the Court held that a CCE conviction may be based on predicate acts involving *substantive crimes* for which the defendant had already been prosecuted. This holding was based on the dissimilarity of the elements required to prove a CCE versus those required to prove a substantive crime. *Garrett* does not

- 7 -

address the issue of a CCE prosecution based on the predicate act of drug conspiracy, an act similar to CCE, involving many of the same elements as CCE. The *Garrett* Court specifically noted that a CCE offense is not the "same" as a substantive offense, because a CCE offense unlike a substantive drug offense, requires proof that the defendant acted "in concert" with five other people. *Id.* at 786, 105 S. Ct. at 2415. Quite similarly, a conspiracy conviction also requires proof of an agreement, unlike a conviction for a substantive offense. In fact, the Supreme Court expressly noted "the conceptual closeness" of sections 846...and 848 (CCE) in *Jeffers v. United States*, 432 US 137, 145 n. 11, 97 S. Ct. 2207, 2213 n. 11, 53 L.Ed.2d 168 (1977). Because of this "closeness" between conspiracies and CCE's, we must evaluate further whether double jeopardy bars a CCE prosecution based upon a previous drug-conspiracy conviction." (emphasis in original) *Id.* at 1575...The Supreme Court has indicated and the Eleventh Circuit has held that drug conspiracy, as defined by 21 U.S.C. § 846 or § 963, is a lesser included offense of CCE, and that it is a violation of double jeopardy to prosecute a defendant for the greater offense of CCE following a conviction of the lesser included offense of conspiracy." *Id.* at 1575-1576. Furthermore, both *Cole* an *Crosby*, are in direct conflict with *Rutledge* itself, and both *Singleton* and *Reed. Cf. e.g. Singleton* where the court noted that: "The Court in *Rutledge* specifically addressed the question whether its decision there conflicted in any way with its earlier decision in *Garrett* and concluded that it did not." *Id.* 177 F.Supp.2d at 29.

In 1981, only four years prior to *Garrett*, the Court applied the *Blockburger* test to a multi-object drug conspiracy in *Albernaz v. United States*, 450 US 333, 101 S. Ct. 1137, 67 L.Ed.2d 275. There, the Court approved consecutive sentences for conspiracy under 21 U.S.C. § 963 to import marijuana and a conspiracy under 21 U.S.C. § 846 to distribute the same marijuana. The Court acknowledged that: "[t]he Court's application of the *[Blockburger]* test focuses on the elements of the offense." *Id.* 450 US at 337, 101 S. Ct. 1141. And *not* to the conspiracies that are actually charged. *Id.* The Court distinguished *Braverman v. United States,* 317 US 49, 63 S. Ct. 99, 87, L.Ed.2d 23 (1942), on the basis that in *Braverman*, both purported offenses were violations of the same statute. *Albernaz*, 450 US at 339-340, 101 S. Ct. at 1142-1143. The Court further pointed out that when Congress had created two separate offenses that applied to a single multi-object drug conspiracy, the proper question was whether Congress intended that separate punishments be imposed for each offense." *Id.* 450 US at 337, 101 S. Ct. at 1141. In the absence of an expressed indication of congressional intent, the Court applied the *Blockburger* test and concluded that under

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 8 of 64

*Blockburger*, Congress deemed to have intended multiple punishments if each offense required proof of a fact the other does not." *Id.* 284 US at 304, 52 S. Ct. at 182.

In *Albernaz*, the *Blockburger* test was satisfied because the two conspiracy statutes themselves specified different objects of the conspiracy. Section 846 made it a crime to conspire "to commit any offense defined in this subchapter." Section 846 is part of Subchapter I-Control and Enforcement-of Chapter 13 of Title 21 U.S. Code. Section 963 similarly made it a crime to conspire "to commit any offense defined in this subchapter, "but it is part of Subchapter II-Import and Export-of the same chapter. Thus the conviction under each section requires proof of a fact not required for conviction under the other: section 846 requires proof of a crime defined in Subchapter l and section 963 requires proof of a crime defined in Subchapter II. Therefore, the Court held that the imposition of consecutive sentences did not violate the Double Jeopardy Clause, because Congress intended separate punishments be imposed because each statute required different elements of proof.

It is an entirely different matter when one such as in Porter's case is prosecuted "first" for what the government itself described as the "last" of a "continuing series" of "conspiracy predicate acts"-receives 10-years for those crimes, and then-is subsequently prosecuted again for the exact same crime by the government relying upon that conspiracy conviction: as one of the "continuing series" of "CCE predicate offenses" and then is sentenced to a consecutive 75-year sentence for the subsequent CCE conviction. That statute is also part of Subchapter I, but it makes it a crime to conspire to commit any felony offense defined in either Subchapter I or Subchapter II of Chapter 13. Therefore, any conspiracy offense defined in either Subchapter I or II, is a lesser included offense of the CCE offense defined in § 848, because of the "in concert requirement" in § 848(c)(2)(A):

> 1 Section 848(c) provides:
> (c) 'Continuing Criminal Enterprise' defined "For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if-
> "(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
> (2) Such a violation is a part of a continuing series of violations of this subchapter or subchapter II of this Chapter-
> (A) Which are undertaken by such person in concert with five or more other persons with respect to whom such

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 9 of 64

person occupies a position of organizer, a supervisory
position, or any other position of management, and
(B) from which such person obtains substantial income or
resources."

*Id.* 21 U.S.C. § 848. The language of section 848 restricts the definition of the crime to a continuing series of violations as opposed to isolated and disconnected acts that are not part of the "continuing series" of substantive predicate offenses that must be undertaken by the accused "in concert" with five or more other persons, rather than the normal two person conspiracy defined in sections 846 and 963. *See e.g., United States v. McHan,* 101 F.3d 1027 (4th Cir. 1996) (Circuit Judge K.K. Hall concurring in part and dissenting in part) "First as I stated above, it is an odd paradox that a continuing agreement could be composed of discrete, discontinuous sub agreements. As *Rutledge* makes clear once and for all, a CCE is simply a conspiracy with certain aggravating characteristics, and conviction without those characteristics is unconstitutional. *"Id.* 101 F.3d at 1044.

In *Rutledge,* the defendant had been convicted of engaging in a continuing criminal enterprise by acting "in concert" with others to distribute cocaine in violation of 21 U.S.C. § 848. He had also been convicted of conspiracy, in violation of 21 U.S.C. § 846, on the basis of the same agreement. He was given concurrent sentences on the two convictions. Because the same act violated two distinct provisions of Title 21 U.S. Code, a unanimous Court concluded that because the "in concert" element of the continuing criminal enterprise statute required the same proof of agreement required by the conspiracy statute[s], the two offenses could not support multiple punishments. *Id.* 517 US at 301, 134 L.Ed.2d at 438. The conspiracy statute required the proof of no fact in addition to the facts required to prove engagement in a continuing criminal enterprise. *Id.* The *Blockburger* assumption against multiple punishments controlled, because Congress had not clearly indicated that it intended multiple punishments. The mere fact that the conspiracy violated two distinct provisions was not enough to show congressional intent, *Id.* 517 US at 304, 134 L.Ed.2d at 430 n. 14, nor could it be assumed that Congress intended to permit two convictions so that one could back up the other in case of reversal of one conviction. *Id.* 517 US at 305, 134 L.Ed.2d at 430-431. The two offenses came out the same under the *Blockburger* test, and not because *Rutledge* was *not* a successive prosecution case as the court stated in *Cole.*

In upholding Garrett's subsequent CCE conviction, the Court in addition to applying the *Diaz* exception announced a two-step analysis for determining whether successive prosecutions

- 10 -

constitute a double jeopardy violation. "First a court must ask whether Congress intended that each violation be a separate offense." *Id.* 471 US at 778, 105 S. Ct. 2411. In *Jeffers* the Court pointed out that Congress did not contend that conspiracy and CCE were different offenses: "The actual language of the bill, however, used the words "in concert with" to cover both concerted action and conspiracy. *Id.*, at 121. Thus it is apparent that the Senate understood the term 'in concert' to encompass the concept of agreement." *Id.* 432 US at 149 n. 14, 53 L.Ed. 2d at 179 n. 14. "Second, if Congress intended separate prosecutions, a court must then determine whether the relevant offenses [§§ 846 and 848] constitute the 'same offense' within the meaning of the Double Jeopardy Clause." *Id.* 471 US at 786, 105 S. Ct. 2415. Obviously, Congress cannot enact laws that violate the protections guaranteed by the Fifth Amendment's Double Jeopardy Clause or the Court's "second" requirement would not have been necessary.

The significance of the Court's holding in *Rutledge* that conspiracy and CCE were the same offense, when compared to the *Cole* and *Crosby* court's theory, is that every member of the Court agreed that the usual double jeopardy principles applied in CCE conspiracy prosecutions − including at that time Chief Justice Rehnquist who was also part of the four justice plurality in *Jeffers*, that rejected the government's argument that the usual jeopardy principles should not apply to complex crimes − authored both opinions for the Court in *Garrett* and *Felix*, wrote the opinion in *Albernaz v. United States*, which was also a multi-object drug conspiracy case and not one time does Chief Justice Rehnquist even imply that the *Blockburger* rule does not apply in complex conspiracy prosecutions and only 10-months after the Court's opinion in *Felix* − Chief Justice Rehnquist agreed with a five justice majority in *United States v. Dixon*, that the "same elements" test referred to as the *Blockburger* test, alone was the appropriate inquiry for determining whether a subsequent prosecution or cumulative punishment were barred by the Double Jeopardy Clause. Still and in-spite of the combined lessons of the Court in *Jeffers*, *Garrett*, and *Rutledge*, that double jeopardy barred cumulative punishment and successive prosecutions for greater and lesser included offenses, the *Cole* and *Crosby* courts cite *Rutledge*, *Garrett* and *Felix*, for the position that they would require courts to disregard the *Blockburger* rule and allow successive prosecutions and cumulative punishments for all greater and lesser-included offenses, as long as they were prosecuted in successive proceedings: "Indeed, it was only in the simultaneous-prosecution context that the Court in *Rutledge* found a double jeopardy violation. The Court ended its opinion by so limiting the scope of its holding." *Id.* 293 F.3d at 161. "Cole is…correct that a § 846 conspiracy is a lesser included offense of a CCE…He is also accurate…the predicate offenses…in *Garrett* and

*Felix* were substantive...But these are distinctions without a difference...That is because *Rutledge* was not a successive prosecution case." *Id.* 293 F.3d at 160. That cannot be the law. Furthermore, both *Cole* and *Crosby* contradict an unbroken line of Supreme Court decisions and contains less than accurate historical analysis, quoting suspect dictum in *Garrett* and *Felix* multiple times cannot convert it into case law. The holding of *Brown,* like that of *Jeffers, Garrett, Schmuck, Dixon,* and *Rutledge,* rests squarely upon the existence of a lesser included offense. In *Brown,* the Court stated unambiguously that "Whatever the sequence may be the Fifth Amendment forbids successive prosecutions and cumulative punishments for a greater and lesser included offense." *Id.* 432 US at 169, 53 L.Ed.2d at 196; *Jeffers:* "*Brown v. Ohio*...decided today, establishes the general rule that the Double Jeopardy Clause prohibits a state or Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense." *Id.* 432 US at 150, 53 L.Ed.2d at 180; *Garrett:* "This rule applies to complex crimes. The CCE offense proscribed by § 848 is clearly such a crime." *Id.* 471 UA at 802-803, 85 L.Ed.2d at 787; *Dixon:* "[f]or purposes of the Double jeopardy Clause, the text of which looks to whether the offenses are the same, not the interests that the offense violate...Because Dixon's drug offense, did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause." *Id.* 125 L.Ed.2d at 570; and in *Rutledge* the Court also rejected the government's argument that Congress intended multiple convictions for conspiracy and CCE: "We find the argument unpersuasive, for there is no reason why this pair of greater and lesser offenses should present any novel problem beyond that posed by any other greater and lesser included offense, for which the courts have already developed rules to avoid the perceived danger." *Id.* 517 US at 305-306, 134 L.Ed.2d at 430-431.

In 1989, only four years after *Garrett*, Chief Justice Rehnquist joined a five justice majority in *Schmuck v. United States*, 489 US 705, 103 L.Ed.2d 734, 109 S. Ct. 1443, and again, clarified for the *sixth consecutive time that:* "Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offense in question...and not...by reference to the conduct proved at trial...the language of Rule 31(c) speaks of the *inclusion* of the lesser offense in the greater." (emphasis in original) *Id.* 489 US at 716-717, 103 L.Ed.2d at 746-747. The Court further noted that: "These new lawyers of analysis add to the uncertainty of the propriety of an instruction in a particular case: not only are there more issues to be resolved, but correct resolution involves questions of degree and judgment, with the attendant probability that the trial and appellate courts may differ." *Id.* 489 US at 721, 103 L.Ed.2d at 749.

Insofar as the notion that *Garrett* and *Felix* have supplanted the *Blockburger* "same elements" test with a novel multilayered conduct test" was also rejected in *Garrett*: "The Double Jeopardy Clause prohibits a state or Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense. This rule applies to complex crimes. The CCE offense proscribed by 848 is clearly such crime." *Id.* 471 US at 802-803, 85 L.Ed.2d at 787.

Although the Court has explained that: the rules established in *Brown v. Ohio*, *Jeffers*, and *Garrett*, does have certain exceptions. *See, Brown:* "An exception may exist where the state is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Id.* 432 US at 168 n. 7; and *Jeffers:* "[a]lthough a defendant is normally entitled to have charges on a greater and lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." *Id.* 432 US 152, 53 L.Ed.2d at 181: "[h]e was solely responsible for the successive prosecutions for the conspiracy offense and the continuing-criminal enterprise." *Id.* 432 US at 154, 53 L.Ed.2d at 182. and *Garrett:* "[t]he Government's evidence with respect to the CCE charge included acts which took place after March 1981, the date of the Washington indictment, and up to and including July 1981. Therefore, the continuing criminal enterprise charged by the Government had not been completed at the time of the Washington indictment was returned, and under the *Diaz* rule – evidence of the Neah Bay importation might be used to show one of the predicate offenses." *Id.* 471 US at 792-793, 85 L.Ed.2d at 780. Not one of the above recognized exceptions are present in Porter's case – not one!

Although, some of the cases referred to here involve successive prosecutions rather than multiple punishment, which is Porter's only concern, due to the fact that Old Law Rule 35 only allows Porter to attack his illegal sentence. The problem is that if *Cole* and *Crosby* allows successive prosecutions for conspiracy and CCE – they necessarily will allow separate punishments to be imposed. Anyway, the Supreme Court has made clear that the "same offense" analysis is unaffected by whether the case involves multiple punishment or successive prosecutions. It is well settled that: "In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same elements' test, the double jeopardy bar applies. *See e.g., Brown v. Ohio...*, *Blockburger...*(multiple punishments); *Gavieres v. United States...*, (successive prosecutions). The same-elements test, inquires whether each offense contains an element not contained in the other; if

- 13 -

not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." (citations omitted) *Id. Dixon,* at 125 L.Ed.2d 568.

In *Jones v. Thomas,* 491 US 376, 105 L.Ed.2d 322, 109 S. Ct. 2522 (1989), the Court explained: "With technical rules, above all other it is imperative that we adhere strictly to what we have stated the rules to be. A technical rule with equitable exceptions is no rule at all." *Id.* 491 US at 396, 105 L.Ed.2d at 341. Stare decisis require that similar situated defendants be treated the same.

The *Blockburger* rule is straightforward: "[h]as deep historical roots and has been expected in numerous precedents of this Court…The 'same conduct' rule…[*Cole* and *Crosby* announced] is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." *Id. Dixon,* 125 L.Ed.2d at 673.

Furthermore, a departure from the *Blockburger* rule is not justified by the mere fact that two courts of appeal has suggested otherwise: "Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offense in question…"*Id. Schmuck v. United States,* 489 US at 716, 103 L.Ed.2d at 746. And not to the conduct proved at trial.

Porter is aware of only two cases, where as here, the court had no power to effect over the lesser included CCE conspiracy predicate offense. And, in both cases the court held that since they had no jurisdiction over the previously prosecuted conspiracy, the Court's holding in *Ball* required them to vacate the sentence for the subsequent CCE conviction and in one of those cases, the court vacated both the sentence and conviction: "We have no jurisdiction, however, to vacate a conspiracy sentence imposed in an earlier, completely different prosecution. Consequently, we reserve Reed's CCE conviction and sentence because we have jurisdiction over these charges only." *Id. United State v. Reed,* 980 F.2d at 1581; *United States v. Grayson,* 795 F.2d 278 (3rd Cir. 1986) "Given that Grayson's conspiracy conviction is in the District of Maryland, the district here cannot impose a general sentence on the CCE count and the Maryland conspiracy conviction. Nor can the court vacate the Maryland conspiracy conviction. Moreover, the district court cannot allow the CCE sentence to run concurrently with the conspiracy sentence. In *Ball v. United States,* 470 US 856, 105 S. Ct. 1668, 1673, 85 L.Ed.2d 740 (1985), the Court held that once it is determined that Congress did not intended to punish two offenses cumulatively:

> The only remedy consistent with Congressional intent is
> for the district court, where the sentencing responsibility

> resides, to exercise its discretion to vacate...the underlying convictions [or sentences]. The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress intention.

*Id.* 795 F.2d at 288 (emphasis in original). Accordingly, not only was Porter's 75-year sentence for CCE illegal when it was imposed according to the Court's holding in *Ball*, the Court had already held in both *Jeffers* and *Garrett* that the Double Jeopardy Clause barred cumulative punishment from being imposed where two statutory provisions describe the same offense. See *United States v. Porter*, 821 F.2d 968, 978 (4th Cir. 1987) ("We agree with Porter...Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise). *United States [sic] v. Garrett*, supra; *Jeffers*, supra.") See also, *United States v. Butler*, 885 F.2d 195 (4th Cir. 1989) where the court cited it's holding in *Porter* as representing the following: "A defendant convicted under § 848 may *not* also be convicted for any *predicate conspiracy* charges proved as elements of the § 848 offense." *Id.* 885 F.2d at 202. Apparently, the court in neither *Porter* nor *Butler* were aware that just the opposite was true in Porter's case: "This conspiracy went up through and until the sting. And he [Porter] has plead guilty to it, and *we're relying on that conviction as one of the predicate offenses."* *Id.* Trial Transcript, W.D.N.C. Vol. 8 page 59. And that Porter is serving consecutive sentences for the Florida conspiracy conviction and subsequent CCE conviction, see *Exhibit B*. Furthermore, the Fourth Circuit also found: "The crime charged in Florida was the *last* of the *series* of crimes...on which the government relied to prove that Porter engaged in a criminal [sic] continuing enterprise..." *Id.* 821 F.2d at 978.


## CONCLUSION

There is no case to distinguish Porter's case from, because no court, under no circumstances, has ever allowed consecutive sentences to be imposed for CCE and its underlying conspiracy predicate offenses. Furthermore, the court held in *Porter* itself that both *Jeffers* and *Garrett* barred even concurrent sentences for the "first" of the alleged "continuing series of conspiracy predicate offenses. Therefore, they cannot also hold that Porter could have a consecutive sentence for the "last." That would be the equivalent of the Court's statement in *Dixon*: That is because it is

embarrassing to assert that what is the same offense, is yet not the same offense, just because the two offenses are prosecuted in successive proceedings.

Respectfully submitted this 2nd day of June, 2011 by:


*Wayne Porter*
Wayne Porter, Petitioner (pro se)
Reg. No. 00622-043
FEDERAL CORRECTIONAL COMPLEX
P.O. Box 5300
Adelanto, CA. 92301

# Exhibit - A

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CH-CR-85-62

FILED
CHARLOTTE, N. C.

JAN 2 6 2007

U. S. DISTRICT COURT
W. DIST. OF N. C.

WAYNE PORTER,

        Petitioner,

Vs.

UNITED STATES OF AMERICA,

        Respondent.

RULE 60(b) MOTION TO REOPEN PETITIONER'S PRIOR "OLD LAW" RULE 35 MOTION

## JURISDICTION

    This Court has jurisdiction to hear an decide petitioner's present claim pursuant to Federal Rules of Civil Procedure Rule 60(b), because petitioner's motion sets forth extra ordinary circumstances justifying relief. Petitioner was effectively shut out of court-without any adjudication of the merits of his claim-based on procedural rulings that were contrary to the facts and controlling law govering "OLD LAW" Rule 35 Motions. See, Gonzalez v. Crosby, 162 L.Ed. 2d 480 (2005).

The District Court's compliance with the actual text of the Antiterrorism and Effective Death Penalty Act's (AEDPA) successive-petition provision for its refusal to render a decision on the merits of petitioner's "OLD LAW" Rule 35 Motion was in error.

Accordingly, this Court should reopen petitioner's "OLD Law" Rule 35 Motion and render a decision on the merits of petitioner's claim that his consective sentences for conspiracy 21 U.S.C. § 846 and continuing criminal enterprise 21 U.S.C. § 848, violated double jeopardy.

The law of the Fourth Circuit Court of Appeals states succinctly that the sole purpose of former Rule 35 motions is to correct illegal sentences and that district courts should not construe these motions as a §2255 motion. Cf., eg., United States v. Haynes, 46 Fed. Appx. 163 (4th Cir. 2002), wich paralles Porter's procedural history right down to even the dates and times. "Initally, we find Haynes' motion under former Rule 35 (a) should not have been construed as a §2255 motion. Former Rule 35 (a) wich is limited to the correction of an illegal sentence... applies to sentences for offenses committed prior to November 1, 1987... In 1994, this Court affirmed the district court's resolution of Haynes' initial §2255 motion. "Id., 46 Fed. Appx. at 164. In 1994, the Fourth Circuit affirmed the district court's resolution of Porter's initial §2255 motion. United States v. Porter, No. 93-6949 (March 7, 1994). See, also, United States v. Bushman, 258 F. Supp. 2d 455 (E.D.Va 2003) "On August 25, 1992, Bushman filed a §2255 motion arguing

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 19 of 64

that his convictions and sentences for Participating in a Racketing Activity and Engaging in a Continuing Criminal Enterprise violated the Double Jeopardy Clause. The district court denied Bushman's motion on December 18, 1992. Bushman appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Bushman's §2255 motion." Id., at 258 F. Supp, 2d 457 n. 2.

"On December 26, 2002, Bushman filed a Motion to Correct an Illegal Sentence pursuant to former Federal Rule of Criminal Procedure 35 (a). [B]ushman contends... that Possession with Intent to Distribute Cocaine under 21 U.S.C. §841 is a lesser included offense of Engaging in a Continuing Criminal Enterprise under 21 U.S.C. §848. As such, Bushman argues that the consective sentences that he received under 21 U.S.C. §841 cannot stand." Ibid.

"In relevant part, former Federal Rule of Criminal Procedure 35 (a) provides that '[t]he court may correct an illegal sentence at any time...' This Rule applies to sentences for offenses committed prior to November 1, 1987. United States v. Landrun, 93 F. 3d 122, 123 (4th Cir. 1996); Herrera v. United States, 798 F. Supp. 295, 297 (E.D.N.C.), affd, 960 F. 2d 147 (4th cir. 1992); United States v. Barkley, 729 F. Supp. 37, 37 (W. D. N.C. 1990)...'[A]s the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Ibid.

It is beyond dispute the Court erred in its refusal

-3-

to decide the merits of Porter's Rule 35 Motion. Porter alleged that his sentences was illegal and for offenses that had occurred in 1980-82.

Furthermore, Exhibit 6, Porter attached in support of his Rule 35 motion-undisputably reveals Porter is being punished for both conspiracy 21 U.S.C. §846 and continuing criminal enterprise 21 U.S.C. §848, contrary to United States v. Porter, 821 F. 2d 968, 978 (4th Cir. 1987) where the court held: "We agree with Porter...Congress did not intend that an individual be punished under both §846 (conspiracy) and §848 (continuing criminal enterprise)."

The Court also erroneously implies in its "order" that Porter's cumulative punishment double jeopardy claim was resolved in Porter's initial §2255 motion.

Judge Potter's "Order" denying Porter's initial §2255 is eight pages in-length and not one time does Judge Potter even mention whether Porter's consective 10 and 75 year sentences violate the Double Jeopardy Clause. Simply, because Judge Potter could not have overruled the Fourth Circuit's finding that: "We agree with Porter...Congress did not intend that an individual be punished under both §846 (conspiracy) and §848 (continuing criminal enterprise)." Id. No court has ever answeared that question.

Every court, including this Court-that has been confronted with the issue, have made one erroneous excuse after the other in declining to entertain Porter's illegal sentence claim.

-4-

Another perfect example can be found in the Fourth Circuit's reasoning for affirming the District Court's refusal to decide the merits of petitioner's motion. Recognizing controlling precedent of the Fourth Circuit allowed "OLD LAW" sentenced prisoners to use former Rule 35 to attack their sentence -- the court changed Porter's illegal sentence claim -- into an illegal conviction claim: "Porter asserts that his conviction violated the Double Jeopardy Clause. However, Rule 35 is limited to claims that a sentence itself is illegal and may not be used to further a claim that the conviction underlying a sentence is invalid." 163 Fed. Appx. 242.

The record and the District Court's findings, do not support the Fourth Circuit's above erroneous finding-and infact, reveal just the opposite: "Despite Petitioner's filing under Rule 35 of the Federal Rules of Criminal Procedure instead of 28 U.S.C.§2255, the intent of his motion is to collaterally attack his sentence." Id., District Court's "ORDER" at 2 and 3.

The only court to ever acknowledge that there were a true double jeopardy violation in Porter's case-was Magistrate Judge Paul B. Taylor and recomended to the district court on Porter's initial §2255 motion that: "[F]ollowing the stated law of the Fourth Circuit, Petitioner's constitutional right against being punished twice for the same offense will not be violated if his conspiracy predicate offense convictions in this district and in Florida are vacated." Id, Memorandum and Recomendation at 23, Judge Paul B. Taylor. The district court never even acknowledge that Porter had a Florida sentence or conviction.

In Sanders v. United States, 373 US 1, 10 L.Ed. 2d 148, 83 S.

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 22 of 64

Ct. 1068 (1963), the Court explained "on the merits" to mean that if factual issues were raised in the prior application, and it was not denied on the basis that the files and record conclusively resolved these issues, an evidentiary hearing should be held." Id., 10 L.Ed. 2d at 162.

## CONCLUSION

Accordingly, Petitioner request this Court to reopen his Rule 35 Motion and answer the question that no other court has answeared: is Porter's consective sentences for conspiracy 21 U.S.C. §846 and continuing criminal enterprise 21 U.S.C. §848 illegal, and the Court to further take:

Judicial Notice: Petitioner, Wayne Porter, is in noway attacking his "conviction" only his illegal sentence.

Respectfully Submitted 12th day of January, 2007.

By: Wayne Porter
Reg. No. 00622-043
U.S.P. Victorville
P.O. Box 5500
Adelanto, Ca 92301

-6-

## CERTIFICATE OF SERVICE

The undersigned certifies that the Rule 60 (b) motion to which this certificate is attached was served upon Assistant United States Attorney Mr. Jerry W. Miller, by first Class Mail, addressed as follows:

Mr. Jerry W. Miller
Assistant United States Attorney
Room 221, 401 West Trade Street
Charlotte, North Carolina 28202

This the 12th day of January, 2007.

Wayne Porter
Reg. No. 00622-043
United States Penitentiary
P.O. Box 5500
Adelanto, Ca. 92301

# Exhibit - B

Exhibits

FCI, Ashland, Kentucky
_____
Institution

03-06-86
_____
Date

If you have a presumptive parole date, any IDC actions referred to in this report will be considered by the U.S. Parole Commission as a basis for possible rescission of your parole date. You may present documentary evidence (including voluntary statements of witnesses) in mitigation of your misconduct, and you may request to review all disclosable documents that will be considered by the Commission.

Inmate Reviewed and/or Received Copy:

*Wayne Porter*
Inmate's Signature

3-6-86
Date

*M.L. Ryan*
Staff Signature

| 1. Type of Progress Report: | | |
|---|---|---|
| Initial: _____ ; Statutory Interim: _____ ; Pre-Release: _____ | | |
| Transfer: __XX__ ; Other (specify): _____ | | |

| 2. Name: PORTER, Wayne | 3. Reg. No: 00622-043 (C) | 4. Age (DOB): 36 (01-22-50) |
|---|---|---|

| 5. Present Security/Custody Level: 2/IN |
|---|

| 6. Offense: Conspiracy to Import Marijuana; Possession with Intent to Distribute Marijuana; Use of a Facility to Facilitate the Commission of Conspiracy; Continuing Criminal Enterprise; Conspiracy to Possess with Intent to Distribute Marijuana and Methaqualude. |
|---|

| 7. Sentence: 10 Years (210848 CCE); 75 Years (21-848 CCE); Concurrent to # 1; 4 Years SPT |
|---|

| 8. Sentence Began: 07-02-84 | 9. Months Served: 20 Months + 187 DJC | 10. Days EGT: 62 |
|---|---|---|
| 11. Days FGT/WGT: 0/0 | 12. Tenative Release: 03-07-2028 | 13. Last Commission Action/Date: NOA dated 03-21-85 with P.P. 12-22-86 not applicable, since serving 75 Years CCE. |

| 14. Detainers/Pending Charges: There are no detainers or pending charges. |
|---|

| 15. Co-defendants: There were no known co-defendants. |
|---|

Distribution:   Original — Inmate File; Copies to U.S. Probation Office,
Parole Commission Regional Office, Inmate

PHOTO—COPY COMPLETED FORM AS NECESSARY

[17]
BP-Class-3
January 1984

UNITED STATES DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

### PROGRESS REPORT
(Continued)

Name: PORTER, Wayne     Register Number: 00622-043 (C)     Date: 03-06-86

16. <u>Summary of Prior Progress Reports:</u>  Porter's only prior progress report was completed on 07-29-85 at FCI, Lexington, Ky.  While there, he satisfied all mandatory ABE requirements and enrolled in the GED studies.  His work reports showed steady improvement once he received a job change to orderly.  He maintained a favorable relationship with staff.  Porter maintained clear conduct.

17. <u>New Information:</u>  On November 6, 1985, Porter received an additional 75 year sentence from the Western District of North Carolina.  This sentence is a 21-848-Continuing Criminal Enterprise sentence, thus non-parolable.  With his prior sentence, Porter has a total of 79 years, with a projected satisfaction date of 03-07-2028 via Mandatory Release.

18. <u>Institutional Adjustment:</u>

   a. <u>Program Plan:</u>  At Mr. Porter's initial classification, he was programmed for GED, Vocational participation.  He was assigned to a job in the Power Plant.  He requested a job in the Recreation Department.

   b. <u>Work Assignments:</u>  Porter's work evaluations from the Power Plant have reflected marginal performance.  However, he has received outstanding evaluations from his Education supervisors.

   c. <u>Educational/Vocational Participation:</u>  Porter is participating in the GED program.  He enrolled in the program November 18, 1985 and continues his involvement to this time.  He has received outstanding evaluations from the Education Department.

   d. <u>Relationship With Staff:</u>  Porter maintains a positive relationship with staff.  He always approaches staff in a polite and courteous manner.

   e. <u>Incident Reports:</u>  Porter is not seen as a management problem.  He has maintained clear conduct since being in federal custody.

   f. <u>Community Program Involvement:</u>  Porter has not participated in any community programs.

   g. <u>Institutional Movement:</u>  Porter was designated to FCI, Lexington and arrived there August 6, 1984.  He was redesignated to FCI, Ashland, Kentucky while on Writ.  He arrived at this institution on 11-18-85 and has remained here since that time.

   h. <u>Physical/Mental Health:</u>  Porter reports he suffered a heart attack in 1980 or 1981.  He was not under a doctors care nor was he receiving any medication prior to his incarceration.  There is no indication that he suffers from any significant health problems at the present time.  Porter does not seem to be suffering from any psychological, mental, or emotional problems.  He appears to be functioning within the realm of acceptable behavior.

Classification Form 3a
Revised April 1977

UNITED STATES DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

**PROGRESS REPORT**
(Continued)

Name: PORTER, Wayne          Register Number: 00622-043 (C)          Date: 03-06-86

19. Release Plannning:

a. Residence:   To be secured through CTC in the Wilkesboro, North Carolina area.

b. Employment:   To be secured.

c. USPO:   E. Hugh Martin, P.O. Box 177, 218 Federal Building, 207 West Main Street, Wilkesboro, NC  28697.

Dictated by: *M.L. Lyons*                     Date dictated:  03-06-86
M.L. Lyons, Case Manager

Reviewed by: *Paul Helo*                      Date reviewed:  3-6-86
Paul Helo, Unit Manager

Date typed:  03-06-86

# Exhibit - C

DEFENDANT — WAYNE PORTER — PAGE 1

# JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date →

MONTH November DAY 6 YR 198_

COUNSEL

☐ WITHOUT COUNSEL   However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel

☒ WITH COUNSEL   Harold J. Bender, retained
(Name of Counsel)

FILED
CHARLOTTE, N. C.

NOV 20 1985

U. S. DISTRICT COURT
W. DIST. OF N. C.

PLEA
☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE,   ☒ NOT GUILTY

FINDING & JUDGMENT

There being a jury verdict of
{ ☐ NOT GUILTY. Defendant is discharged
☒ GUILTY. by the jury as to counts 1,2,4,7,8,16-19,24-29 & 34 of the indictment

Defendant has been convicted as charged of the offense(s) of Conspiracy to possess & distribute more than 1000 lbs of marijuana, a Schedule I non-narcotic controlled substance, & 2 million methaqualone tablets, a Schedule II non-narcotic controlled substance, in viol. of 21 USC Section 846, as charged in count 1; possession with intent to distribute more than 1000 lbs of marijuana & aiding & abetting in the same, in viol. of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 2; possession with intent to distribute methaqualone & aiding & abetting in the same, in viol. of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 4; distribution of more than 1000 lbs of marijuana & aiding & abetting in the same, in viol. of 21 USC Section

SENTENCE OR PROBATION ORDER

was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

841(a)(1) & 18 USC Section 2, as charged in count 7; traveling in interstate commerce to promote an illegal activity, in viol. of 18 USC Section 1952, as charged in counts 8 and 25; conspiracy to import, possess & distribute more than 1000 lbs of marijuana & of cocaine, a Schedule II narcotic controlled substance, in viol. of 21 USC Section 846 as charged in count 16; conspiracy to possess & distribute more than 1000 lbs of marijuana in viol. of 21 USC Section 846, as charged in counts 18 & 24; conspiracy to possess & distribute marijuana, in viol. of 21 USC Section 846, as charged in count 19; using a communication facility in the commission of a felony drug offense, in viol. of 21 USC Section 843(b), as charged in counts 26-29; and engaging in a continuing criminal enterprise, in viol. of 21 USC Section 848, as charged in count 34 of the Indictment.

SPECIAL CONDITIONS

Counts 10-15 and 21-23 dismissed by the Court per Order of 10-17-85.
Counts 3, 5 and 6 dismissed by the Court on 10-23-85.

ADDITIONAL CONDITIONS OF PROBATION

(continued on next page)

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

COMMITMENT RECOMMENDATION

The court orders commitment to the custody of the Attorney General and recommends

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

☐ U.S. District Judge

☐ U.S. Magistrate

ROBERT D. POTTER, Chief Judge   Date   November 6, 1985

# JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government
the defendant appeared in person on this date ⟶

| MONTH | DAY |
|---|---|
| November | 6, |

☐ WITHOUT COUNSEL  However the court advised defendant of right to counsel and asked whether defendant desires
counsel appointed by the court and the defendant thereupon waived assistance of counsel

☐ WITH COUNSEL _____
(Name of Counsel)

PLEA  ☐ GUILTY, and the court being satisfied that  ☐ NOLO CONTENDERE,  ☐ NOT GUILTY
there is a factual basis for the plea,

There being a finding/verdict of  { ☐ NOT GUILTY. Defendant is discharged
{ ☐ GUILTY.

Defendant has been convicted as charged of the offense(s) of

(continued from page 1)

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary
was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that. The defendant
hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

Count 34:  SEVENTY-FIVE (75) YEARS.

Sentences imposed in all of the following counts are to run concurrent with the sentence
imposed  in count 34:

Count 1:  FIFTEEN (15) YEARS;

Counts 2 and 7 merged for sentencing:  FIFTEEN (15) YEARS, to run consecutive with the
sentence imposed in count 1;

Count 4:  FIVE (5) YEARS, to run consecutive with the sentence imposed in counts 2 and 7,
✳ plus  a four (4) year mandatory special parole term due to a prior conviction; & it was

Counts 8, 17 and 25 merged for sentencing:  FIVE (5) YEARS, to run consecutive with the
sentence imposed in count 4;

Count 16:  FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in counts
17 and 25;

Count 18:  FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in count 16;

Counts 19 and 24 merged for sentencing:  FIVE (5) YEARS, to run consecutive with the

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the
reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and
at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and
revoke probation for a violation occurring during the probation period.

The court orders commitment to the custody of the Attorney General and recommends

sentence imposed in count 18;

Counts 26, 27, 28 and 29 merged for sentencing:  FOUR (4) YEARS, ~~certified to be a true~~
to run concurrent with sentences imposed in counts 1,2,4, 7, ~~correct copy~~ of the origin...
7,8,16,17,18,19,24 and 25.

It is ordered that the Clerk deliver
a certified copy of this judgment
~~certified to be a true and~~
~~correct copy of the origin...~~
U. S. District Court
Thomas J. McGraw, Cler...
Western Dist. of N. C.

By _____
Deputy Clerk

2/5/86

District Judge

S. Magistrate

ROBERT D. POTTER, Chief Judge  Date  November 6, 1985

<u>CERTIFICATE OF SERVICE</u>

I, Wayne Porter, the undersigned, hereby certify that one copy of Porter's Motion to Amend and for Adjudication of his Rule 35 Motion, and attached Exhibits, was mailed first class postage pre-paid to the following:

Jerry W. Miller
Assistant United States Attorney
Room 221, 401 West Trade Street
Charlotte, North Carolina 28202

This, the 2nd day of June, 2011.

*Wayne Porter*
Wayne Porter, Petitioner (pro se)
Reg. No. 00622-043
FEDERAL CORRECTIONAL COMPLEX
P.O. Box 5300
Adelanto, CA. 92301

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CR-85-62-01

WAYNE PORTER,
        Petitioner,

Vs.

UNITED STATES OF AMERICA,
        Respondent.

MOTION FOR ADJUDICATION
AND AMENDMENT TO RULE
35 MOTION

Wayne Porter, the movant herein and in *pro se* submits this motion to the Honorable Court to amend his Rule 35 Motion now pending before the Court, and for immediate adjudication of his present claim that has lie dormant in the Western District of North Carolina since January 26, 2007.[1]

On July 1, 2010, Porter was informed by retained counsel that they had filed another Rule 35 Motion on his behalf. This motion too – with the blessings of Porter's retained counsel's silence, has just disappeared like a helium balloon into thin air.

STANDARD OF REVIEW

In determining whether separate punishments imposed in two separate proceedings are unconstitutional, is no different than determining whether two separate statutory provisions describe the same offense. *United States v. Dixon*, 509 US 688, 126 L.Ed.2d 556, 113 S. Ct. 2849 (1993). The dispositive question is whether each provision requires proof of fact which the other does not.

---

[1] See Rule 60(b) Motion attached hereto and incorporated herein by reference as Exhibit A.

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 33 of 64

*Albernaz v. United States*, 450 US 333, 67 L.Ed.2d 275, 101 S. Ct. 1139 (1981) (quoting *Blockburger*).

## STATEMENTS OF THE FACTS

Porter is presently serving 79 years for the CCE conviction in the Western District of North Carolina – not 75 years.[2] Title 18 U.S.C. § 3584(C) required the Bureau of Prisons, for administrative purposes to add what time Porter had remaining on his prior 10 year sentence for conspiracy out of the Middle District of Florida prosecution, to the 75 year CCE sentence:

> On November 6, 1985, Porter received an additional 75-year sentence from the Western District of North Carolina. The sentence is a 21-848-Continuing Criminal Enterprise sentence, thus nonparolable. *With his prior sentence, Porter has a total of 79 years...*

*Id.* Bureau of Prisons Progress Report at page 2. Furthermore, the district court for the Western District of North Carolina, enhanced Porter's *second* sentence, because of Porter's prior conspiracy conviction:

> Count 4: Five (5) years to run consecutive with the sentence imposed in Count 2 plus a four (4) year mandatory special parole term *due to a prior conviction.*[3]

Porter is the only defendant the courts have ever required to serve consecutive sentences for conspiracy (§ 846) and Continuing Criminal enterprise (§ 848). No other court has ever upheld such a flagrant double jeopardy violation. If Porter cannot have even concurrent sentences for the "first" of the "continuing series" of conspiracy predicate acts – how could he have consecutive 10 year sentence for the "last"?

Porter's Rule 35 Motion does not address the Fourth Circuit Court of Appeals holding in *United States v. Cole*, 293 F. 3d 153 (2002), that *Garrett v. United States*, 741 U.S. 773, 105 S. Ct.

---

[2] See United States Department of Justice Bureau of Prisons Progress Report for Wayne Porter attached hereto and incorporated herein by reference as Exhibit B.
[3] Judgment for the Western District of North Carolina, attached hereto and incorporated herein by reference as Exhibit C.

2407, 85 L. Ed. 2d 764 (1985); and *United States v. Felix*, 503 US 378, 112 S. Ct. 1377, 118 L. Ed. 2d 25 (1992), have supplanted the *Blockburger v. United States,* 248 US 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932), "same elements" test, with a novel "multilayered conduct" test, that applies to complex crime cases. *Cf. e.g., Cole,* where the court held: "The Florida conspiracy charge and the instant CCE conviction are not the 'same offense' under *Blockburger* because the criminal activity at issue here is so multilayered." *Id.* 293 F. 3d at 162 n. 4, and *United States v. Crosby*, 20 F, 3d 480 (D.C. Cir. 1994), "[w]e like the *Garrett* Court, decline to apply here the so-called "*Blockburger"* test..." *Id.* at 483 n. 9; because: "[w]e conclude the appellant's earlier prosecution for single predicate acts, whatever their double jeopardy effect might be on subsequent prosecutions for overlapping single offenses *or even for section 846 conspiracy,* presents no bar to the present prosecution under counts 1, 2 and 4. As the Court made clear in *Garrett,* multi-layered conduct offenses, such as CCE...violations are generically distinct in the double jeopardy arena." (emphasis added), *Id.* at 485.

To begin with, the courts in *Cole* and *Crosby* were *not* confronted with the constitutionality of imposing cumulative penalties for conspiracy and CCE convictions. Although, the implications of their findings are the same. Because, it is an elementary principle of law that if two offenses are sufficiently distinct to allow successive prosecutions, they necessarily will allow cumulative punishments to be imposed. See, e.g., *Garrett* where the court pointed out: "The presumption when Congress creates two distinct offenses is that it intends to permit cumulative sentences..." *Id.* 471 US at 793, 85L.Ed.2d at 781.

The court in *Cole* and *Crosby* read *Garrett* and *Felix* to mean that courts may ignore the *Blockburger* rule and freely prosecute defendants in successive proceedings for conspiracy and CCE "whether or not" the statutory offenses are different under the rule. That cannot be a permissible reading of either *Garrett* or *Felix* and would lead to holding the CCE statute authorizes consecutive sentences for all greater and lesser-included offenses. Such an imporable reading of the statute would, moreover, be at odds with evident congressional intention of requiring federal courts to strictly adhere to the *Blockburger* rule in construing congressional intent. As the court explained in *Whalen v. United States*, 445 US 684, 63 L.Ed.2d 715, 100 S. Ct. 1432 (1980) "Congress is clearly free to fashion exceptions to the rule it chose[s] to enact...A court, just as clearly, is not." *Id.* 455 US at 695, 63 L.Ed.2d at 725.

- 3 -

The application of the *Blockburger* rule in *Whalen* was re-affirmed only one-year later by the Court in *Albernaz v. United States*, 450 US 333, 101 S. Ct. 1137, 67 L.Ed.2d 275 (1981), where the court again explained: "Our decision in *Whalen* was not the first time this Court has looked to the *Blockburger* rule...Similarly, in *Iannelli v. United States*, 420 US 770...we explained: "The test articulated in *Blockburger*...serves a generally similar function of identifying congressional intent..." *Id.* 450 US at 337.

The *Cole* and *Crosby* courts holding that the *Blockburger* test does not apply when the criminal activity at issue is multilayered, is contrary to Congress' intent, and numerous Supreme Court decisions, and was rejected in *Jeffers v. United States,* 432 US 137, 53 L.Ed.2d 168, 97 S. Ct. 2207 (1977), the very first case the Supreme Court heard following the enactment of the CCE statute in 1970. The Court disagreed with the United States Court of Appeals for the Seventh Circuit, that the usual double jeopardy principles did not apply in complex conspiracy prosecutions, stating that: "Contrary to the suggestion of the Court of Appeals, *Iannelli* created no exception to these general jeopardy principles for complex statutory crimes." *Id.* 432 US at 151, 53 L.Ed.2d at 180. The Court further noted that: "The actual language of the bill, however, used the words 'in concert with' to cover both concerted action and conspiracy...Thus it is apparent that the senate understood the term 'in concert' to encompass the concept of agreement." *Id.* 432 US at 419, 53 L.Ed.2d at 179 n.14. In connection with this assumption, the *Garrett* Court made the following findings: "[i]f anything is to be assumed from the congressional silence on this point, it is that Congress was aware of the *Blockburger* rule and legislated with it in mind. it is not a function of this Court [or any other court] to presume that Congress was unaware of what it had accomplished." *Id.* 471 US at 793-794, 85 L.Ed.2d at 781. Furthermore, the Court has already rejected the idea: "that *Blockburger* cannot be used for divining legislative intent when the statutes at issue are conspiracy statutes." *Id. Albernaz,* 450 US at 339. *See also, United States v. Felix, supra;* "We have continued to recognize this principle over the years...[t]hat a conspiracy to commit a crime is a separate offense from the crime itself. Thus, in this case, the conspiracy charge against Felix was an offense distinct from any crime for which he had been previously prosecuted." (citations omitted) *Id.* 118 L.Ed.2d at 36-37. The same is not true with respect to Porter's prior conviction.

In *Garrett*, the Court applied the exact same analogy, stating that: "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether...Congress intended that each violation be a separate offense. "*Id.* 471 US at 778 85 L.Ed.2d at 85 L.Ed.2d at 771. Contrary to the suggestion of the *Cole* and *Crosby* courts, neither

- 4 -

*Garrett* nor *Felix*, held that a person could be prosecuted in successive proceedings for greater and lesser included offenses: "It can be traced back to *Blackstone*, and 'has been the Court's understanding of the Double Jeopardy Clause at least since *In re Nielsen*...was decided in 1889...' *Id*. *Jeffers v. United States*, 432 US 137, 158, 53 L.Ed.2d 168, 185, 97 S. Ct. 2207 (1977), This ancient rule, was re-affirmed in *Rutledge v. United States*, 517 US 292, 134 L.Ed.2d 419, 116 S. Ct. 1241 (1996), where the Court held: "For the reasons set forth in *Jeffers,* and particularly because the plain meaning of the phrase 'in concert' signifies natural agreement in a common plan or enterprise, we hold that this element of the CCE offense requires proof of a conspiracy that would also violate § 846." *Id*. 517 US at 300-301, 134 L.Ed.2d at 427-428; "[t]here is no reason why this pair of greater and lesser offenses [§846 and 848] should present any novel problem beyond that posed by any other greater and lesser included offenses, for which the courts have already developed rules to avoid the perceived danger." *Id*. 517 US at 305-306, 134 L.Ed.2d at 430-431.

Therefore, allowing separate prosecutions or cumulative penalties to be imposed for conspiracy and CCE after both Congress and the Supreme Court have pointed out that the CCE conspiracy statute does not define a different offense from the conspiracy statutes defined in §§ 846 and 963, would be inconsistent with the Double Jeopardy Clause, which was specifically designed to protect citizens from multiple trials for the same offense. See *Abney v. United States,* 431 US 651, 52 L.Ed.2d 651, 97 S. Ct. 2034 (1977), where the Court held: "[t]he Double Jeopardy Clause protects an individual against more than being subjected to double punishment. It is a guarantee against being twice put to trial for the same offense." *Id*. 431 US at 660, 661, 51 L.Ed.2d at 654.

In 1990, the Seventh Circuit Court of Appeals, recognized that the Double Jeopardy Clause forbids placing a defendant twice in jeopardy for conspiracy and CCE whether it be in the same or separate proceedings. *Cf. e.g. United States v. Baker*, 905 F.2d 1100 (7th Cir. 1990) where the court held: "A conspiracy is part of the essential "continuing series" only if it involves a concert among the Kingpin and his five subordinates – in which event it becomes a lesser included offense, and it is double counting to include it among the three predicates. *Id*. 905 F.2d at 1103.

In 1993, the Supreme Court settled once and for all that Congress did not intend successive prosecutions or cumulative penalties to be imposed for greater and lesser included offenses since that would be the equivalent of prosecuting a person twice for the same offense. *See United States v. Dixon*, 509 US 688, 125 L.Ed.2d 556, 113 S.Ct. 2849, where the Court stated unambiguously that when determining whether two offenses are the same for purposes of barring cumulative penalties in the same or successive proceedings is no different from determining whether successive

- 5 -

prosecutions violate the Double Jeopardy Clause. *Cf., e.g., Dixon*, where the Court held: "In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies...The same elements test, sometimes referred to as the *Blockburger* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecutions." (citations omitted) (emphasis in original) *Id.* 125 L.Ed.2d at 568. The Court further noted: "That is perhaps because it is embarrassing to assert that the single term "same offense" (the words of the Fifth Amendment at issue here) has two different meanings – that what is the same offense is yet *not* the same offense." (emphasis in original) *Id.* 125 L.Ed.2d at 573. This reasoning is synonymous with the court's holding in *Baker, supra.*

When Congress enacted the CCE statute, it was evident from the legislative debate that Congress intended to create a new super conspiracy provision in their pursuit of major drug traffickers. *See, Garrett,* where the Court noted: "Congress was seeking to add a new enforcement tool to the substantive drug offenses already available to prosecutors." *Id.* 471 US at 784 85 L.Ed.2d at 775. Furthermore, both *Jeffers* and *Garrett* states clearly that Congress was fully aware of the *Blockburger* rule when it drafted the CCE statute and further recognized that: "Congress cannot be expected to specifically address each issue of statutory construction which may arise. But as we have previously noted [in *Albernaz v. United States*] Congress is 'predominately a lawyer's body,'...and it is appropriate for us to assume that our elected representatives...know the law." (emphasis in original) *Id.* 471 US at 793, 85 L.Ed.2d at 781. The Court further explained: "[w]e also have serious doubts as to whether the offense to which *Garrett* pleaded guilty [to] in Washington was a 'lesser included offense' within the CCE charge so that prosecution of the former would bar prosecution of the later." *Id.* 471 US at 790, 85 L.Ed.2d at 779.

Although *Garrett's* prior marijuana importation conviction was a species of a lesser included offense within his subsequent CCE prosecution, that conviction would have nonetheless withstood the *Blockburger – Albernaz* "same elements test" because Congress created a compound offense, that required a "continuing series" of substantive violations of other sections of Title 21, which were punishable in addition to the lesser-included conspiracy offenses that are relied upon to prove the "in concert" with five or more persons element" of the CCE charge. However, the same is not true with respect to the lesser included conspiracy offenses relied upon to prove the CCE offense:

"The policy reasons usually offered to justify separate punishment of conspiracies and underlying substantive offenses, however, are inapplicable to §§ 846 and 848." Id. *Jeffers*, at 432 US 156-157, 53 L.Ed.2d at 183-184. *See also, United States v. Singleton*, 177 F. Supp. 2d 12 (D.D.C. 2001) where the Court noted; "This case is like *Rutledge* not like *Garrett* because defendant Singleton was not convicted of narcotics distribution or narcotics importation in Florida, but of narcotics conspiracy. "*Id.* at 29; and *United States v. Felix*, 503 US 378-390, 118 L.Ed.2d at 25, 112 S. Ct. 1377 (1992), allowing prosecution for conspiracy after petitioner was convicted of underlying substantive offense, and citing *Garrett* as a similar case. Stating that: "[L]ong antedating any of these cases and not questioned in any of them, is the general rule that a substantive crime, and a conspiracy to commit that crime, are not the same offense for double jeopardy purposes." *Id.* 118 L.Ed.2d at 36. Furthermore, the Court declined to even entertain Garrett's contention that his marijuana importation conviction was a lesser included offense [which it clearly was not] of the subsequent CCE conviction. Pointing out that: "[h]owever, we were to resolve Garrett's lesser-included-offense argument. One who insist that the music stop and the piper be paid at a particular point must at least have stopped dancing himself before he may seek such an accounting...In the present case, as in *Diaz*, the continuing criminal enterprise charged against Garrett in Florida had not been completed at the time that he was indicted in Washington." *Id.* 471 US at 790-791, 85 L.Ed 2d at 778-779. Every crime charged in Porter's CCE prosecution, was completed and known to the government over two years prior to Porter's "first" conspiracy prosecution in the Middle District of Florida.

Nowhere in *Garrett* or *Felix* does the Court even imply that the *Blockburger* "same elements" test does not apply to complex conspiracy cases and the substantive offenses upon which those crimes are predicated. In fact, just the opposite is true, because Felix itself relies on Blockburger: "at its root, the Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the "same offense". U.S. Const., 5; see *Blockburger* ..."(citations omitted) (emphasis in original). *Id.* 118 L.Ed.2d 33. Whether conspiracy and CCE were the same offense was not an issue before the Court in *Garrett*. However, it was apparent to the Court they were the same offense because the Court *did hold* that cumulative penalties could *not* be imposed for the two crimes. *See, e.g. United States v. Reed*, 880 F.2d 1568 (11th Cir. 1993), where the court noted: "In *Garrett*, the Court held that a CCE conviction may be based on predicate acts involving *substantive crimes* for which the defendant had already been prosecuted. This holding was based on the dissimilarity of the elements required to prove a CCE versus those required to prove a substantive crime. *Garrett* does not

- 7 -

address the issue of a CCE prosecution based on the predicate act of drug conspiracy, an act similar to CCE, involving many of the same elements as CCE. The *Garrett* Court specifically noted that a CCE offense is not the "same" as a substantive offense, because a CCE offense unlike a substantive drug offense, requires proof that the defendant acted "in concert" with five other people. *Id.* at 786, 105 S. Ct. at 2415. Quite similarly, a conspiracy conviction also requires proof of an agreement, unlike a conviction for a substantive offense. In fact, the Supreme Court expressly noted "the conceptual closeness" of sections 846...and 848 (CCE) in *Jeffers v. United States*, 432 US 137, 145 n. 11, 97 S. Ct. 2207, 2213 n. 11, 53 L.Ed.2d 168 (1977). Because of this "closeness" between conspiracies and CCE's, we must evaluate further whether double jeopardy bars a CCE prosecution based upon a previous drug-conspiracy conviction." (emphasis in original) *Id.* at 1575...The Supreme Court has indicated and the Eleventh Circuit has held that drug conspiracy, as defined by 21 U.S.C. § 846 or § 963, is a lesser included offense of CCE, and that it is a violation of double jeopardy to prosecute a defendant for the greater offense of CCE following a conviction of the lesser included offense of conspiracy." *Id.* at 1575-1576. Furthermore, both *Cole* an *Crosby*, are in direct conflict with *Rutledge* itself, and both *Singleton* and *Reed*. *Cf. e.g. Singleton* where the court noted that: "The Court in *Rutledge* specifically addressed the question whether its decision there conflicted in any way with its earlier decision in *Garrett* and concluded that it did not." *Id.* 177 F.Supp.2d at 29.

In 1981, only four years prior to *Garrett*, the Court applied the *Blockburger* test to a multi-object drug conspiracy in *Albernaz v. United States*, 450 US 333, 101 S. Ct. 1137, 67 L.Ed.2d 275. There, the Court approved consecutive sentences for conspiracy under 21 U.S.C. § 963 to import marijuana and a conspiracy under 21 U.S.C. § 846 to distribute the same marijuana. The Court acknowledged that: "[t]he Court's application of the *[Blockburger]* test focuses on the elements of the offense." *Id.* 450 US at 337, 101 S. Ct. 1141. And *not* to the conspiracies that are actually charged. *Id.* The Court distinguished *Braverman v. United States*, 317 US 49, 63 S. Ct. 99, 87, L.Ed.2d 23 (1942), on the basis that in *Braverman*, both purported offenses were violations of the same statute. *Albernaz*, 450 US at 339-340, 101 S. Ct. at 1142-1143. The Court further pointed out that when Congress had created two separate offenses that applied to a single multi-object drug conspiracy, the proper question was whether Congress intended that separate punishments be imposed for each offense." *Id.* 450 US at 337, 101 S. Ct. at 1141. In the absence of an expressed indication of congressional intent, the Court applied the *Blockburger* test and concluded that under

*Blockburger*, Congress deemed to have intended multiple punishments if each offense required proof of a fact the other does not." *Id.* 284 US at 304, 52 S. Ct. at 182.

In *Albernaz*, the *Blockburger* test was satisfied because the two conspiracy statutes themselves specified different objects of the conspiracy. Section 846 made it a crime to conspire "to commit any offense defined in this subchapter." Section 846 is part of Subchapter I-Control and Enforcement-of Chapter 13 of Title 21 U.S. Code. Section 963 similarly made it a crime to conspire "to commit any offense defined in this subchapter, "but it is part of Subchapter II-Import and Export-of the same chapter. Thus the conviction under each section requires proof of a fact not required for conviction under the other: section 846 requires proof of a crime defined in Subchapter I and section 963 requires proof of a crime defined in Subchapter II. Therefore, the Court held that the imposition of consecutive sentences did not violate the Double Jeopardy Clause, because Congress intended separate punishments be imposed because each statute required different elements of proof.

It is an entirely different matter when one such as in Porter's case is prosecuted "first" for what the government itself described as the "last" of a "continuing series" of "conspiracy predicate acts"-receives 10-years for those crimes, and then-is subsequently prosecuted again for the exact same crime by the government relying upon that conspiracy conviction: as one of the "continuing series" of "CCE predicate offenses" and then is sentenced to a consecutive 75-year sentence for the subsequent CCE conviction. That statute is also part of Subchapter I, but it makes it a crime to conspire to commit any felony offense defined in either Subchapter I or Subchapter II of Chapter 13. Therefore, any conspiracy offense defined in either Subchapter I or II, is a lesser included offense of the CCE offense defined in § 848, because of the "in concert requirement" in § 848(c)(2)(A):

> 1 Section 848(c) provides:
> (c) 'Continuing Criminal Enterprise' defined "For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if-
> "(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
> (2) Such a violation is a part of a continuing series of violations of this subchapter or subchapter II of this Chapter-
> (A) Which are undertaken by such person in concert with five or more other persons with respect to whom such

- 9 -

person occupies a position of organizer, a supervisory
position, or any other position of management, and
(B) from which such person obtains substantial income or
resources."

*Id.* 21 U.S.C. § 848. The language of section 848 restricts the definition of the crime to a continuing series of violations as opposed to isolated and disconnected acts that are not part of the "continuing series" of substantive predicate offenses that must be undertaken by the accused "in concert" with five or more other persons, rather than the normal two person conspiracy defined in sections 846 and 963. *See e.g., United States v. McHan,* 101 F.3d 1027 (4th Cir. 1996) (Circuit Judge K.K. Hall concurring in part and dissenting in part) "First as I stated above, it is an odd paradox that a continuing agreement could be composed of discrete, discontinuous sub agreements. As *Rutledge* makes clear once and for all, a CCE is simply a conspiracy with certain aggravating characteristics, and conviction without those characteristics is unconstitutional. "*Id.* 101 F.3d at 1044.

In *Rutledge,* the defendant had been convicted of engaging in a continuing criminal enterprise by acting "in concert" with others to distribute cocaine in violation of 21 U.S.C. § 848. He had also been convicted of conspiracy, in violation of 21 U.S.C. § 846, on the basis of the same agreement. He was given concurrent sentences on the two convictions. Because the same act violated two distinct provisions of Title 21 U.S. Code, a unanimous Court concluded that because the "in concert" element of the continuing criminal enterprise statute required the same proof of agreement required by the conspiracy statute[s], the two offenses could not support multiple punishments. *Id.* 517 US at 301, 134 L.Ed.2d at 438. The conspiracy statute required the proof of no fact in addition to the facts required to prove engagement in a continuing criminal enterprise. *Id.* The *Blockburger* assumption against multiple punishments controlled, because Congress had not clearly indicated that it intended multiple punishments. The mere fact that the conspiracy violated two distinct provisions was not enough to show congressional intent, *Id.* 517 US at 304, 134 L.Ed.2d at 430 n. 14, nor could it be assumed that Congress intended to permit two convictions so that one could back up the other in case of reversal of one conviction. *Id.* 517 US at 305, 134 L.Ed.2d at 430-431. The two offenses came out the same under the *Blockburger* test, and not because *Rutledge* was *not* a successive prosecution case as the court stated in *Cole.*

In upholding Garrett's subsequent CCE conviction, the Court in addition to applying the *Diaz* exception announced a two-step analysis for determining whether successive prosecutions

- 10 -

constitute a double jeopardy violation. "First a court must ask whether Congress intended that each violation be a separate offense." *Id.* 471 US at 778, 105 S. Ct. 2411. In *Jeffers* the Court pointed out that Congress did not contend that conspiracy and CCE were different offenses: "The actual language of the bill, however, used the words "in concert with" to cover both concerted action and conspiracy. *Id.*, at 121. Thus it is apparent that the Senate understood the term 'in concert' to encompass the concept of agreement." *Id.* 432 US at 149 n. 14, 53 L.Ed. 2d at 179 n. 14. "Second, if Congress intended separate prosecutions, a court must then determine whether the relevant offenses [§§ 846 and 848] constitute the 'same offense' within the meaning of the Double Jeopardy Clause." *Id.* 471 US at 786, 105 S. Ct. 2415. Obviously, Congress cannot enact laws that violate the protections guaranteed by the Fifth Amendment's Double Jeopardy Clause or the Court's "second" requirement would not have been necessary.

The significance of the Court's holding in *Rutledge* that conspiracy and CCE were the same offense, when compared to the *Cole* and *Crosby* court's theory, is that every member of the Court agreed that the usual double jeopardy principles applied in CCE conspiracy prosecutions – including at that time Chief Justice Rehnquist who was also part of the four justice plurality in *Jeffers*, that rejected the government's argument that the usual jeopardy principles should not apply to complex crimes – authored both opinions for the Court in *Garrett* and *Felix*, wrote the opinion in *Albernaz v. United States*, which was also a multi-object drug conspiracy case and not one time does Chief Justice Rehnquist even imply that the *Blockburger* rule does not apply in complex conspiracy prosecutions and only 10-months after the Court's opinion in *Felix* – Chief Justice Rehnquist agreed with a five justice majority in *United States v. Dixon*, that the "same elements" test referred to as the *Blockburger* test, alone was the appropriate inquiry for determining whether a subsequent prosecution or cumulative punishment were barred by the Double Jeopardy Clause. Still and in-spite of the combined lessons of the Court in *Jeffers*, *Garrett*, and *Rutledge*, that double jeopardy barred cumulative punishment and successive prosecutions for greater and lesser included offenses, the *Cole* and *Crosby* courts cite *Rutledge, Garrett* and *Felix*, for the position that they would require courts to disregard the *Blockburger* rule and allow successive prosecutions and cumulative punishments for all greater and lesser-included offenses, as long as they were prosecuted in successive proceedings: "Indeed, it was only in the simultaneous-prosecution context that the Court in *Rutledge* found a double jeopardy violation. The Court ended its opinion by so limiting the scope of its holding." *Id.* 293 F.3d at 161. "Cole is…correct that a § 846 conspiracy is a lesser included offense of a CCE…He is also accurate…the predicate offenses…in *Garrett* and

*Felix* were substantive...But these are distinctions without a difference...That is because *Rutledge* was not a successive prosecution case." *Id.* 293 F.3d at 160. That cannot be the law. Furthermore, both *Cole* and *Crosby* contradict an unbroken line of Supreme Court decisions and contains less than accurate historical analysis, quoting suspect dictum in *Garrett* and *Felix* multiple times cannot convert it into case law. The holding of *Brown*, like that of *Jeffers*, *Garrett, Schmuck, Dixon,* and *Rutledge,* rests squarely upon the existence of a lesser included offense. In *Brown*, the Court stated unambiguously that "Whatever the sequence may be the Fifth Amendment forbids successive prosecutions and cumulative punishments for a greater and lesser included offense." *Id.* 432 US at 169, 53 L.Ed.2d at 196; *Jeffers*: "*Brown v. Ohio*...decided today, establishes the general rule that the Double Jeopardy Clause prohibits a state or Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense." *Id.* 432 US at 150, 53 L.Ed.2d at 180; *Garrett*: "This rule applies to complex crimes. The CCE offense proscribed by § 848 is clearly such a crime." *Id.* 471 UA at 802-803, 85 L.Ed.2d at 787; *Dixon*: "[f]or purposes of the Double jeopardy Clause, the text of which looks to whether the offenses are the same, not the interests that the offense violate...Because Dixon's drug offense, did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause." *Id.* 125 L.Ed.2d at 570; and in *Rutledge* the Court also rejected the government's argument that Congress intended multiple convictions for conspiracy and CCE: "We find the argument unpersuasive, for there is no reason why this pair of greater and lesser offenses should present any novel problem beyond that posed by any other greater and lesser included offense, for which the courts have already developed rules to avoid the perceived danger." *Id.* 517 US at 305-306, 134 L.Ed.2d at 430-431.

In 1989, only four years after *Garrett*, Chief Justice Rehnquist joined a five justice majority in *Schmuck v. United States*, 489 US 705, 103 L.Ed.2d 734, 109 S. Ct. 1443, and again, clarified for the *sixth consecutive time that:* "Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offense in question...and not...by reference to the conduct proved at trial...the language of Rule 31(c) speaks of the *inclusion* of the lesser offense in the greater." (emphasis in original) *Id.* 489 US at 716-717, 103 L.Ed.2d at 746-747. The Court further noted that: "These new lawyers of analysis add to the uncertainty of the propriety of an instruction in a particular case: not only are there more issues to be resolved, but correct resolution involves questions of degree and judgment, with the attendant probability that the trial and appellate courts may differ." *Id.* 489 US at 721, 103 L.Ed.2d at 749.

- 12 -

Insofar as the notion that *Garrett* and *Felix* have supplanted the *Blockburger* "same elements" test with a novel multilayered conduct test" was also rejected in *Garrett*: "The Double Jeopardy Clause prohibits a state or Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense. This rule applies to complex crimes. The CCE offense proscribed by 848 is clearly such crime." *Id.* 471 US at 802-803, 85 L.Ed.2d at 787.

Although the Court has explained that: the rules established in *Brown v. Ohio*, *Jeffers*, and *Garrett*, does have certain exceptions. *See, Brown:* "An exception may exist where the state is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Id.* 432 US at 168 n. 7; and *Jeffers*: "[a]lthough a defendant is normally entitled to have charges on a greater and lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." *Id.* 432 US 152, 53 L.Ed.2d at 181: "[h]e was solely responsible for the successive prosecutions for the conspiracy offense and the continuing-criminal enterprise." *Id.* 432 US at 154, 53 L.Ed.2d at 182. and *Garrett*: "[t]he Government's evidence with respect to the CCE charge included acts which took place after March 1981, the date of the Washington indictment, and up to and including July 1981. Therefore, the continuing criminal enterprise charged by the Government had not been completed at the time of the Washington indictment was returned, and under the *Diaz* rule – evidence of the Neah Bay importation might be used to show one of the predicate offenses." *Id.* 471 US at 792-793, 85 L.Ed.2d at 780. Not one of the above recognized exceptions are present in Porter's case – not one!

Although, some of the cases referred to here involve successive prosecutions rather than multiple punishment, which is Porter's only concern, due to the fact that Old Law Rule 35 only allows Porter to attack his illegal sentence. The problem is that if *Cole* and *Crosby* allows successive prosecutions for conspiracy and CCE – they necessarily will allow separate punishments to be imposed. Anyway, the Supreme Court has made clear that the "same offense" analysis is unaffected by whether the case involves multiple punishment or successive prosecutions. It is well settled that: "In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same elements' test, the double jeopardy bar applies. *See e.g., Brown v. Ohio*..., *Blockburger*...(multiple punishments); *Gavieres v. United States*..., (successive prosecutions). The same-elements test, inquires whether each offense contains an element not contained in the other; if

- 13 -

not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." (citations omitted) *Id. Dixon,* at 125 L.Ed.2d 568.

In *Jones v. Thomas,* 491 US 376, 105 L.Ed.2d 322, 109 S. Ct. 2522 (1989), the Court explained: "With technical rules, above all other it is imperative that we adhere strictly to what we have stated the rules to be. A technical rule with equitable exceptions is no rule at all." *Id.* 491 US at 396, 105 L.Ed.2d at 341. Stare decisis require that similar situated defendants be treated the same.

The *Blockburger* rule is straightforward: "[h]as deep historical roots and has been expected in numerous precedents of this Court...The 'same conduct' rule...[*Cole* and *Crosby* announced] is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." *Id. Dixon,* 125 L.Ed.2d at 673.

Furthermore, a departure from the *Blockburger* rule is not justified by the mere fact that two courts of appeal has suggested otherwise: "Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offense in question..."*Id. Schmuck v. United States,* 489 US at 716, 103 L.Ed.2d at 746. And not to the conduct proved at trial.

Porter is aware of only two cases, where as here, the court had no power to effect over the lesser included CCE conspiracy predicate offense. And, in both cases the court held that since they had no jurisdiction over the previously prosecuted conspiracy, the Court's holding in *Ball* required them to vacate the sentence for the subsequent CCE conviction and in one of those cases, the court vacated both the sentence and conviction: "We have no jurisdiction, however, to vacate a conspiracy sentence imposed in an earlier, completely different prosecution. Consequently, we reserve Reed's CCE conviction and sentence because we have jurisdiction over these charges only." *Id. United State v. Reed,* 980 F.2d at 1581; *United States v. Grayson,* 795 F.2d 278 (3rd Cir. 1986) "Given that Grayson's conspiracy conviction is in the District of Maryland, the district here cannot impose a general sentence on the CCE count and the Maryland conspiracy conviction. Nor can the court vacate the Maryland conspiracy conviction. Moreover, the district court cannot allow the CCE sentence to run concurrently with the conspiracy sentence. In *Ball v. United States,* 470 US 856, 105 S. Ct. 1668, 1673, 85 L.Ed.2d 740 (1985), the Court held that once it is determined that Congress did not intended to punish two offenses cumulatively:

> The only remedy consistent with Congressional intent is
> for the district court, where the sentencing responsibility

- 14 -

> resides, to exercise its discretion to vacate...the
> underlying convictions [or sentences]. The remedy of
> ordering one of the sentences to be served concurrently
> with the other cannot be squared with Congress intention.

*Id.* 795 F.2d at 288 (emphasis in original). Accordingly, not only was Porter's 75-year sentence for CCE illegal when it was imposed according to the Court's holding in *Ball*, the Court had already held in both *Jeffers* and *Garrett* that the Double Jeopardy Clause barred cumulative punishment from being imposed where two statutory provisions describe the same offense. See *United States v. Porter*, 821 F.2d 968, 978 (4th Cir. 1987) ("We agree with Porter...Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise). *United States [sic] v. Garrett*, *supra*; *Jeffers*, *supra*.") See also, *United States v. Butler*, 885 F.2d 195 (4th Cir. 1989) where the court cited it's holding in *Porter* as representing the following: "A defendant convicted under § 848 may *not* also be convicted for any *predicate conspiracy* charges proved as elements of the § 848 offense." *Id.* 885 F.2d at 202. Apparently, the court in neither *Porter* nor *Butler* were aware that just the opposite was true in Porter's case: "This conspiracy went up through and until the sting. And he [Porter] has plead guilty to it, and *we're relying on that conviction as one of the predicate offenses.*" *Id.* Trial Transcript, W.D.N.C. Vol. 8 page 59. And that Porter is serving consecutive sentences for the Florida conspiracy conviction and subsequent CCE conviction, see *Exhibit B*. Furthermore, the Fourth Circuit also found: "The crime charged in Florida was the *last* of the *series* of crimes...on which the government relied to prove that Porter engaged in a criminal [sic] continuing enterprise..." *Id.* 821 F.2d at 978.


CONCLUSION

There is no case to distinguish Porter's case from, because no court, under no circumstances, has ever allowed consecutive sentences to be imposed for CCE and its underlying conspiracy predicate offenses. Furthermore, the court held in *Porter* itself that both *Jeffers* and *Garrett* barred even concurrent sentences for the "first" of the alleged "continuing series of conspiracy predicate offenses. Therefore, they cannot also hold that Porter could have a consecutive sentence for the "last." That would be the equivalent of the Court's statement in *Dixon*: That is because it is

embarrassing to assert that what is the same offense, is yet not the same offense, just because the two offenses are prosecuted in successive proceedings.

Respectfully submitted this 2nd day of June, 2011 by:

*Wayne Porter*

Wayne Porter, Petitioner (pro se)
Reg. No. 00622-043
FEDERAL CORRECTIONAL COMPLEX
P.O. Box 5300
Adelanto, CA. 92301

Case 3:14-cv-00373-RLV   Document 2   Filed 07/28/11   Page 48 of 64

# Exhibit - A

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CH-CR-85-62

Filed Jan. 25, 2007

WAYNE PORTER,

Petitioner,

Vs.

UNITED STATES OF AMERICA,

Respondent.

RULE 60 (b) MOTION TO REOPEN PETITIONER'S PRIOR "OLD LAW" RULE 35 MOTION

## JURISDICTION

This Court has jurisdiction to hear an decide petitioner's present claim pursuant to Federal Rules of Civil Procedure Rule 60 (b), because petitioner's motion sets forth extraordinary circumstances justifying relief. Petitioner was effectively shut out of court-without any adjudication of the merits of his claim-based on procedural rulings that were contrary to the facts and controlling law govering "OLD LAW" Rule 35 Motions. See, Gonzalez v. Crosby, 162 L.Ed. 2d 480 (2005).

The District Court's compliance with the actual text of the Antiterrorism and Effective Death Penalty Act's (AEDPA) successive-petition provision for its refusal to render a decision on the merits of petitioner's "OLD LAW" Rule 35 Motion was in error.

Accordingly, this Court should reopen petitioner's "OLD Law" Rule 35 Motion and render a decision on the merits of petitioner's claim that his consective sentences for conspiracy 21 U.S.C. § 846 and continuing criminal enterprise 21 U.S.C. § 848, violated double jeopardy.

The law of the Fourth Circuit Court of Appeals states succinctly that the sole purpose of former Rule 35 motions is to correct illegal sentences and that district courts should not construe these motions as a §2255 motion. Cf., eg., United States v. Haynes, 46 Fed. Appx. 163 (4th Cir. 2002), wich paralles Porter's procedural history right down to even the dates and times. "Initally, we find Haynes' motion under former Rule 35 (a) should not have been construed as a §2255 motion. Former Rule 35 (a) wich is limited to the correction of an illegal sentence... applies to sentences for offenses committed prior to November 1, 1987... In 1994, this Court affirmed the district court's resolution of Haynes' initial §2255 motion. "Id., 46 Fed. Appx. at 164. In 1994, the Fourth Circuit affirmed the district court's resolution of Porter's initial §2255 motion. United States v. Porter, No. 93-6949 (March 7, 1994). See, also, United States v. Bushman, 258 F. Supp. 2d 455 (E.D.Va 2003) "On August 25, 1992, Bushman filed a §2255 motion arguing

-2-

that his convictions and sentences for Participating in a Racketing Activity and Engaging in a Continuing Criminal Enterprise violated the Double Jeopardy Clause. The district court denied Bushman's motion on December 18, 1992. Bushman appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Bushman's §2255 motion." Id., at 258 F. Supp. 2d 457 n.2.

"On December 26, 2002, Bushman filed a Motion to Correct an Illegal Sentence pursuant to former Federal Rule of Criminal Procedure 35 (a). [B]ushman contends... that Possession with Intent to Distribute Cocaine under 21 U.S.C. §841 is a lesser included offense of Engaging in a Continuing Criminal Enterprise under 21 U.S.C. §848. As such, Bushman argues that the consective sentences that he received under 21 U.S.C. §841 cannot stand." Ibid.

"In relevant part, former Federal Rule of Criminal Procedure 35 (a) provides that '[t]he court may correct an illegal sentence at any time...' This Rule applies to sentences for offenses committed prior to November 1, 1987. United States v. Landrun, 93 F. 3d 122, 123 (4th Cir. 1996); Herrera v. United States, 798 F. Supp. 295, 297 (E.D.N.C.), aff'd, 960 F. 2d 147 (4th cir. 1992); United States v. Barkley, 729 F. Supp. 37, 37 (W. D.N.C. 1990)... '[A]s the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Ibid.

It is beyond dispute the Court erred in its refusal

-3-

to decide the merits of Porter's Rule 35 Motion. Porter alleged that his sentences was illegal and for offenses that had occurred in 1980-82.

Furthermore, Exhibit 6, Porter attached in support of his Rule 35 motion-undisputably reveals Porter is being punished for both conspiracy 21 U.S.C. §846 and continuing criminal enterprise 21 U.S.C. §848, contrary to United States v. Porter, 821 F. 2d 968, 978 (4th cir. 1987) where the court held: "We agree with Porter... Congress did not intend that an individual be punished under both §846 (conspiracy) and §848 (continuing criminal enterprise)."

The Court also erroneously implies in its "order" that Porter's cumulative punishment double jeopardy claim was resolved in Porter's initial §2255 motion.

Judge Potter's "Order" denying Porter's initial §2255 is eight pages in-length and not one time does Judge Potter even mention whether Porter's consective 10 and 75 year sentences violate the Double Jeopardy Clause. Simply, because Judge Potter could not have overruled the Fourth Circuit's finding that: "We agree with Porter... Congress did not intend that an individual be punished under both §846 (conspiracy) and §848 (continuing criminal enterprise)." Id. No court has ever answeared that question.

Every court, including this Court-that has been confronted with the issue, have made one erroneous excuse after the other in declining to entertain Porter's illegal sentence claim.

-4-

Another perfect example can be found in the Fourth Circuit's reasoning for affirming the District Court's refusal to decide the merits of petitioner's motion. Recognizing controlling precedent of the Fourth Circuit allowed "OLD LAW" sentenced prisoners to use former Rule 35 to attack their sentence—the court changed Porter's illegal sentence claim—into an illegal conviction claim: "Porter asserts that his conviction violated the Double Jeopardy Clause. However, Rule 35 is limited to claims that a sentence itself is illegal and may not be used to further a claim that the conviction underlying a sentence is invalid." 163 Fed. Appx. 242.

The record and the District Court's findings, do not support the Fourth Circuit's above erroneous finding—and infact, reveal just the opposite: "Despite Petitioner's filing under Rule 35 of the Federal Rules of Criminal Procedure instead of 28 U.S.C. § 2255, the intent of his motion is to collaterally attack his sentence." Id., District Court's "ORDER" at 2 and 3.

The only court to ever acknowledge that there were a true double jeopardy violation in Porter's case—was Magistrate Judge Paul B. Taylor and recomended to the district court on Porter's initial § 2255 motion that: "[f]ollowing the stated law of the Fourth Circuit, Petitioner's constitutional right against being punished twice for the same offense will not be violated if his conspiracy predicate offense convictions in this district and in Florida are vacated." Id., Memorandum and Recomendation at 23, Judge Paul B. Taylor. The district court never even acknowledge that Porter had a Florida sentence or conviction.

In Sanders v. United States, 373 US 1, 10 L.Ed. 2d 148, 83 S.

-5-

Ct. 1068 (1963), the Court explained "on the merits" to mean that if factual issues were raised in the prior application, and it was not denied on the basis that the files and record conclusively resolved these issues, an evidentiary hearing should be held." Id., 10 L.Ed.2d at 162.

## CONCLUSION

Accordingly, Petitioner request this Court to reopen his Rule 35 Motion and answer the question that no other court has answered: is Porter's consective sentences for conspiracy 21 U.S.C. §846 and continuing criminal enterprise 21 U.S.C. §848 illegal, and the Court to further take:

Judicial Notice: Petitioner, Wayne Porter, is in noway attacking his "conviction" only his illegal sentence.

Respectfully Submitted 12th day of January, 2007.

By: Wayne Porter
Reg. No. 00622-043
U.S.P. Victorville
P.O. Box 5500
Adelanto, Ca 92301

# CERTIFICATE OF SERVICE

The undersigned certifies that the Rule 60 (b) motion to which this certificate is attached was served upon Assistant United States Attorney Mr. Jerry W. Miller, by first class Mail, addressed as follows:

Mr. Jerry W. Miller
Assistant United States Attorney
Room 221, 401 West Trade Street
Charlotte, North Carolina 28202

This the 12th day of January, 2007.

Wayne Porter
Reg. No. 00622-043
United States Penitentiary
P.O. Box 5500
Adelanto, Ca 92301

# Exhibit - B



U.S. Department of Justice

Federal Bureau of Prisons

**Progress Report**

---

FCI, Ashland, Kentucky
Institution

03-06-86
Date

If you have a presumptive parole date, any IDC actions referred to in this report will be considered by the U.S. Parole Commission as a basis for possible rescission of your parole date. You may present documentary evidence (including voluntary statements of witnesses) in mitigation of your misconduct, and you may request to review all disclosable documents that will be considered by the Commission.

Inmate Reviewed and/or Received Copy:

_Wayne Porter_
Inmate's Signature

3-6-86
Date

_M.K. Ryan_
Staff Signature

| 1. Type of Progress Report: |
|---|
| Initial: _____; Statutory Interim: _____; Pre-Release: _____ |
| Transfer: ___XX___; Other (specify): _____ |

| 2. Name: | 3. Reg. No: | 4. Age (DOB): |
|---|---|---|
| PORTER, Wayne | 00622-043 (C) | 36 (01-22-50) |

| 5. Present Security/Custody Level: |
|---|
| 2/IN |

| 6. Offense: |
|---|
| Conspiracy to Import Marijuana; Possession with Intent to Distribute Marijuana; Use of a Facility to Facilitate the Commission of Conspiracy;Continuing Criminal Enterprise; Conspiracy to Possess with Intent to Distribute Marijuana and Methaqualude. |

| 7. Sentence: |
|---|
| 10 Years (210848 CCE); 75 Years (21-848 CCE); Concurrent to # 1; 4 Years SPT |

| 8. Sentence Began: | 9. Months Served: | 10. Days EGT: |
|---|---|---|
| 07-02-84 | 20 Months + 187 DJC | 62 |

| 11. Days FGT/WGT: | 12. Tentative Release: | 13. Last Commission Action/Date: |
|---|---|---|
| 0/0 | 03-07-2028 | NOA dated 03-21-85 with P.P. 12-22-86 not applicable, since serving 75 Years CCE. |

| 14. Detainers/Pending Charges: |
|---|
| There are no detainers or pending charges. |

| 15. Co-defendants: |
|---|
| There were no known co-defendants. |

Distribution: Original — Inmate File; Copies to U.S. Probation Office,
Parole Commission Regional Office, Inmate

PHOTO-COPY COMPLETED FORM AS NECESSARY

BP-Class-3
January 1984

UNITED STATES DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

PROGRESS REPORT
(Continued)

Name: PORTER, Wayne          Register Number: 00622-043 (C)          Date: 03-06-86

16. Summary of Prior Progress Reports:    Porter's only prior progress report was completed
on 07-29-85 at FCI, Lexington, Ky. While there, he
satisfied all mandatory ABE requirements and enrolled in the GED studies. His work reports
showed steady improvement once he received a job change to orderly. He maintained a fav-
orable relationship with staff. Porter maintained clear conduct.

17. New Information:    On November 6, 1985, Porter received an additional 75 year sentence from
the Western District of North Carolina. This sentence is a 21-848-
Continuing Criminal Enterprise sentence, thus non-parolable. With his prior sentence,
Porter has a total of 79 years, with a projected satisfaction date of 03-07-2028 via
Mandatory Release.

18. Institutional Adjustment:

   a. Program Plan:    At Mr. Porter's initial classification, he was programmed for GED,
Vocational participation. He was assigned to a job in the Power Plant.
He requested a job in the Recreation Department.

   b. Work Assignments:    Porter's work evaluations from the Power Plant have reflected
marginal performance. However, he has received outstanding
evaluations from his Education supervisors.

   c. Educational/Vocational Participation:    Porter is participating in the GED program.
He enrolled in the program November 18, 1985
and continues his involvement to this time. He has received outstanding evaluations
from the Education Department.

   d. Relationship With Staff:    Porter maintains a positive relationship with staff. He
always approaches staff in a polite and courteous manner.

   e. Incident Reports:    Porter is not seen as a management problem. He has maintained
clear conduct since being in federal custody.

   f. Community Program Involvement:    Porter has not participated in any community programs.

   g. Institutional Movement:    Porter was designated to FCI, Lexington and arrived there
August 6, 1984. He was redesignated to FCI, Ashland, Kentucky
while on Writ. He arrived at this institution on 11-18-85 and has remained here since
that time.

   h. Physical/Mental Health:    Porter reports he suffered a heart attack in 1980 or 1981.
He was not under a doctors care nor was he receiving any
medication prior to his incarceration. There is no indication that he suffers from
any significant health problems at the present time. Porter does not seem to be
suffering from any psychological, mental, or emotional problems. He appears to be
functioning within the realm of acceptable behavior.

CENTRAL FILE



Probation Form Ja
Revised April 1977

UNITED STATES DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

PROGRESS REPORT
(Continued)

Name: PORTER, Wayne          Register Number: 00622-043 (C)          Date: 03-06-86

---

19. Release Plannning:

a. Residence:   To be secured through CTC in the Wilkesboro, North Carolina area.

b. Employment:   To be secured.

c. USPO:   E. Hugh Martin, P.O. Box 177, 218 Federal Building, 207 West Main Street,
   Wilkesboro, NC   28697.

Dictated by: _M. L. Lyons_          Date dictated:  03-06-86
             M.L. Lyons, Case Manager

Reviewed by: _Paul Helo_          Date reviewed:  3-6-86
             Paul Helo, Unit Manager

Date typed:  03-06-86

CENTRAL FILE

# Exhibit - C

Exhibit 5

WAYNE PORTER    PAGE 1     WESTERN ... RICT OF NORTH CAROLINA
CHARLO... DIVISION    C-CR-85-62-01

DOCKET NO

# JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date ——→

MONTH   DAY   Y...
November 6, 198...

COUNSEL
[ ] WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked wh...
counsel appointed by the court and the defendant thereupon waived assis...

FILED

CHARLOTTE, N. C.

[X] WITH COUNSEL   Harold J. Bender, retained

(Name of Counsel)

NOV 20 1985

PLEA
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.    [ ] NOLO CONTENDERE,   [X] NOT GUILTY

U. S. DISTRICT COU...
W. DIST. OF N C...

There being a ~~finding~~ verdict of
{ [ ] NOT GUILTY. Defendant is discharged
{ [X] GUILTY. by the jury as to counts 1,2,4,7,8,16-19,24-29 &...

ING &
GMENT
Defendant has been convicted as charged of the offense(s) of
Conspiracy to possess & distribute more than 1000 lbs of marijuana, a Schedule I non- the indictm...
narcotic controlled substance, & 2 million methaqualone tablets, a Schedule II non-na...
tic controlled substance, in viol. of 21 USC Section 846, as charged in count 1; poss...
sion with intent to distribute more than 1000 lbs of marijuana & aiding & abetting i...
same, in viol. of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 2...
possession with intent to distribute methaqualone & aiding & abetting in the same, i...
of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 4; distribution o...
more than 1000 lbs of marijuana & aiding & abetting in the same, in viol. of 21 USC ...

~~was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that. The defendant~~
~~hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of~~

...ENCE
...R
...TION
...ER
841(a)(1) & 18 USC Section 2, as charged in count 7; traveling in interstate commerce
promote an illegal activity, in viol. of 18 USC Section 1952, as charged in counts 8
and 25; conspiracy to import, possess & distribute more than 1000 lbs of marijuana &
of cocaine, a Schedule II narcotic controlled substance, in viol. of 21 USC Section 8...
as charged in count 16; conspiracy to possess & distribute more than 1000 lbs of mar...
in viol. of 21 USC Section 846, as charged in counts 18 & 24; conspiracy to possess &
distribute marijuana, in viol. of 21 USC Section 846, as charged in count 19; using a

...IAL
...IONS
...TION
communication facility in the commission of a felony drug offense, in viol. of 21 US...
Section 843(b), as charged in counts 26-29; and engaging in a continuing criminal
enterprise, in viol. of 21 USC Section 848, as charged in count 34 of the Indictment

Counts 10-15 and 21-23 dismissed by the Court per Order of 10-17-85.
Counts 3, 5 and 6 dismissed by the Court on 10-23-85.

(continued on next page)

...NAL
...IONS
...TION
In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on ...
reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation ...
at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant a...
revoke probation for a violation occurring during the probation period

...MENT
...EN...
...N
The court orders commitment to the custody of the Attorney General and recommends

It is ordered that th... Cler...
a certified copy of this judgment
and commitment to the U.S. Mar...
sha... or other qualified office...

...S. District Judge

...S. Magistrate

ROBERT D. POTTER, Chief Judge     November 6, 1985

Date

33

WESTERN
CHARLC. TRICT OF NORTH CAROLINA
DIVISION

DOCKET NO _____ C=CR-85-62-01 ___

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government
the defendant appeared in person on this date →

November 6,

OUNSEL

☐ WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desires counsel appointed by the court and the defendant thereupon waived assistance of counsel

☐ WITH COUNSEL

(Name of Counsel)

PLEA — ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea, ☐ NOLO CONTENDERE, ☐ NOT GUILTY

There being a finding/verdict of {
☐ NOT GUILTY. Defendant is discharged
☐ GUILTY.
}

Defendant has been convicted as charged of the offense(s) of

### (continued from page 1)

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that. The defendant hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

Count 34: SEVENTY-FIVE (75) YEARS.

Sentences imposed in all of the following counts are to run concurrent with the sentence imposed in count 34:

Count 1: FIFTEEN (15) YEARS;
Counts 2 and 7 merged for sentencing: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in count 1;
Count 4: FIVE (5) YEARS, to run consecutive with the sentence imposed in counts 2 and plus a four (4) year mandatory special parole term due to a prior conviction;
Counts 8, 17 and 25 merged for sentencing: FIVE (5) YEARS, to run consecutive with the sentence imposed in count 4;
Count 16: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in counts 17 and 25;
Count 18: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in count
Counts 19 and 24 merged for sentencing: FIVE (5) YEARS, to run consecutive with the

In addition to the special conditions of probation imposed above it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period

The court orders commitment to the custody of the Attorney General and recommends
sentence imposed in count 18;
Counts 26, 27, 28 and 29 merged for sentencing: FOUR (4) YEARS, to run concurrent with sentences imposed in counts 1,2,4,7,8,16,17,18,19,24 and 25.

It is ordered that the Clerk deliver a certified copy of this judgment certified to be a true and correct copy of the original

U. S. District Court
Thomas J. McGraw, Clerk
Western Dist. of N. C.

By _____
Deputy Clerk

District Judge

S. Magistrate

ROBERT POTTER, Chief Judge   Date  November 6, 1985

## CERTIFICATE OF SERVICE

I, Wayne Porter, the undersigned, hereby certify that one copy of Porter's Motion to Amend and for Adjudication of his Rule 35 Motion, and attached Exhibits, was mailed first class postage pre-paid to the following:

Jerry W. Miller
Assistant United States Attorney
Room 221, 401 West Trade Street
Charlotte, North Carolina 28202

This, the 2nd day of June, 2011.

*Wayne Porter*

Wayne Porter,  Petitioner (pro se)
Reg. No. 00622-043
FEDERAL CORRECTIONAL COMPLEX
P.O. Box 5300
Adelanto, CA. 92301