IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:85CR62-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WAYNE PORTER | ) |
| | ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS

NOW COMES the Defendant, Wayne Porter, through counsel, and submits this response in opposition to the "Government's Motion to Dismiss Defendant's 'Motion to Dismiss Illegal Sentence'" filed in the above-captioned matter on July 3, 2014 (Doc. No. 10). For the following reasons, the Court should deny the government's motion to dismiss.

### DISCUSSION

In its motion to dismiss, the government contends that this Court should construe Mr. Porter's Motion to Correct his Illegal Sentence Pursuant to Former Fed. R. Crim. P. 35(a), filed July 1, 2010 (Case No. 3:85CR62; Doc. No. 3), as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The government relies on *United States v. Little*, 392 F.3d 671 (4th Cir. 2004) in its assertion that Mr. Porter's motion should be construed as a § 2255 motion.

1

In *Little*, the defendant, relying on *Rutledge v. United States*, 517 U.S. 292 (1996), challenged his conviction for taking part in a drug conspiracy in violation of 21 U.S.C. § 846 on the ground that it violated his right against double jeopardy where he was also convicted of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a). The Fourth Circuit explained that:

> [a] sentence is not illegal within the meaning of [former] Rule 35(a) if "[t]he punishment meted out was not in excess of that prescribed by statute, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."

*Little*, 392 F.3d at 677 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962). Applying the law to the case, the Fourth Circuit observed that "Little's *Rutledge* claim attacks his conviction; Little alleges that his *conviction* for Count One (conspiracy) must be vacated. Thus, we … find that Little's *Rutledge* claim attacks his underlying conviction, and not his sentence…." *Id*. at 678 (emphasis original). The Court therefore construed his double jeopardy claim as a § 2255 motion. *Id*.

Here, unlike the defendant in *Little*, Mr. Porter does not allege that his conviction should be vacated. He merely asserts that his sentence should be set aside. The ground for setting it aside is one of the grounds the Fourth Circuit identified in *Little* for granting relief under former Rule 35(a); that is, the

2

sentence is "illegal within the meaning of Rule 35(a)" because "multiple terms were imposed … for the same offense." *See id*. at 677. In Mr. Porter's case, multiple terms were imposed against him for the same conspiracy offense. This Court, therefore, should not construe Mr. Porter's Rule 35(a) motion as a § 2255 motion because he challenges only his sentence, rather than his conviction, on a ground applicable under former Rule 35(a).

The government also contends that Mr. Porter's motion is barred on the grounds of *res judicata* or "law of the case" because this Court already addressed the challenge he raises in his instant motion when it dismissed a previously filed Rule 35(a) motion alleging the same double jeopardy violation after construing it as a successive § 2255 motion. The motion was filed *pro se*, and it was not clear in the motion whether Mr. Porter challenged his convictions or his sentences.[1] This Court construed it as a § 2255 motion and denied it as such. Because this Court has not yet addressed the challenge to Mr. Porter's sentence that he raises in the instant Rule 35(a) motion within the context of former Rule 35(a), the law of the case here has not yet been settled. The issue to be considered, and which has not yet been addressed by this or any Court, is whether Mr. Porter is entitled have his sentence corrected under

---

[1] The Fourth Circuit interpreted Mr. Porter's challenge as a challenge to his conviction, rather than his sentence. See *United States v. Porter*, 163 Fed.Appx 242 (4th Cir. January 25, 2006) (unpublished opinion).

former Rule 35(a) where he was illegally sentenced to multiple terms for the same offense.

## CONCLUSION

For the reasons stated herein, the Court should deny the government's motion to dismiss and grant Mr. Porter's motion to correct his illegal sentence pursuant to former Rule 35(a).

This the 8th day of July, 2014.

Respectfully submitted,

/s/ Matthew G. Pruden
Matthew G. Pruden
Bar No. 32888
Attorneys for Mr. Porter
Tin Fulton Walker & Owen, PLLC
301 East Park Ave.
Charlotte, NC 28203
Phone: 704-338-1220
Fax: 704-338-1312
Email: mpruden@tinfulton.com

# CERTIFICATE OF SERVICE

I certify that I have served the foregoing **DEFENDANT/PETITIONER'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS** on opposing counsel by submitting a copy thereof through ECF, to be sent to:

> Richard Edwards
> Assistant United States Attorney
> 100 Otis Street, Suite 233
> Asheville, NC 28801
> Richard.edwards2@usdoj.gov

This the 8st day of July, 2014.

> Respectfully submitted,
>
> /s/ Matthew G. Pruden
> Matthew G. Pruden
> Bar No. 32888
> Attorneys for Mr. Porter
> Tin Fulton Walker & Owen, PLLC
> 301 East Park Ave.
> Charlotte, NC 28203
> Phone: 704-338-1220
> Fax: 704-338-1312
> Email: mpruden@tinfulton.com